Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
05/28/2019 09:07 AM CDT

State of Nebraska, appellee, v.
Heather M. McBride, appellant.
___ N.W.2d ___

Filed May 7, 2019.    No. A-18-797.

1.  **Sentences: Appeal and Error.** Sentences within statutory limits will be disturbed by an appellate court only if the sentence complained of was an abuse of judicial discretion.
2.  **Jurisdiction: Appeal and Error.** Before reaching the legal issues presented for review, it is the duty of an appellate court to determine whether it has jurisdiction over the matter before it.
3.  **Courts: Final Orders: Appeal and Error.** When a district court, sitting as an intermediate appellate court, enters an order that affects a substantial right, that order is final for purposes of appeal if its judgment can be executed without any further action by the district court.
4.  **Courts: Final Orders: Jurisdiction: Appeal and Error.** A district court order affirming, reversing, or remanding an order or judgment of the county court is itself a final order that an appellate court has jurisdiction to review.
5.  **Pleas: Sentences: Restitution.** The failure to inform a defendant of the possibility of restitution renders the entry of a plea of guilty involuntary and unintelligent in that regard and consequently prevents the imposition of an order of restitution.
6.  **Pleas: Proof.** While in order for a defendant to enter a voluntary and intelligent plea of guilty, he or she must know the penalty for the crime to which he or she is pleading, and although it is preferable that such knowledge be imparted by the judge accepting the plea, it is nonetheless possible to prove the defendant's knowledge by other means.
7.  **Criminal Law: Restitution: Damages.** Neb. Rev. Stat. § 29-2280 (Reissue 2016) vests trial courts with the authority to order restitution for actual damages sustained by the victim of a crime for which a defendant is convicted.
8.  ____: ____: ____. Pursuant to Neb. Rev. Stat. § 29-2281 (Reissue 2016), before restitution can be properly ordered, the trial court must

consider: (1) whether restitution should be ordered, (2) the amount of actual damages sustained by the victim of a crime, and (3) the amount of restitution a criminal defendant is capable of paying.

9. **Sentences: Restitution.** When a court orders restitution to a crime victim under Neb. Rev. Stat. § 29-2280 (Reissue 2016), restitution is a criminal penalty imposed as punishment and is part of the criminal sentence imposed by the sentencing court.

10. **Sentences.** The appropriateness of a sentence is necessarily a subjective judgment and includes the sentencing judge's observation of the defendant's demeanor and attitude and all the facts and circumstances surrounding the defendant's life.

11. **Sentences: Restitution.** After the sentencing court determines that a conviction warrants restitution, it then becomes the sentencing court's factfinding responsibility to determine the victim's actual damages and the defendant's ability to pay.

12. ____: ____. Under Neb. Rev. Stat. § 29-2281 (Reissue 2016), the sentencing court may hold a hearing at the time of sentencing to determine the amount of restitution.

13. **Sentences: Restitution: Evidence.** Under Neb. Rev. Stat. § 29-2281 (Reissue 2016), the sentencing court's determination of restitution shall be based on the actual damages sustained by the victim and shall be supported by evidence which shall become a part of the court record.

Appeal from the District Court for Madison County, Mark A. Johnson, Judge, on appeal thereto from the County Court for Madison County, Ross A. Stoffer, Judge. Judgment of District Court affirmed.

Ronald E. Temple, of Fitzgerald, Vetter, Temple & Bartell, for appellant.

Douglas J. Peterson, Attorney General, and Kimberly A. Klein for appellee.

Riedmann, Bishop, and Welch, Judges.

Riedmann, Judge.

## INTRODUCTION

Heather M. McBride pled guilty in the county court for Madison County to an amended charge of attempted forgery. She was sentenced to 90 days in jail and ordered to pay

restitution. She appealed to the district court, which affirmed the jail term and the county court's determination of the amount of restitution, but vacated the restitution order and remanded the matter to the county court for a determination of McBride's ability to pay. McBride appeals to this court. We find no abuse of discretion in the district court's order and therefore affirm.

## BACKGROUND

McBride and her sister, Danica AllAround, purchased a 2009 GMC Acadia in December 2016 for $13,144. Both of their names appeared on the bill of sale and title to the vehicle. In May 2017, McBride had someone forge AllAround's signature on the title, and McBride sold the vehicle for $6,500. McBride retained all of the proceeds of the sale, and AllAround was not reimbursed for any portion of the purchase price.

As a result of these events, McBride was originally charged with three felony counts. Pursuant to a plea agreement with the State, she pled guilty to an amended charge of attempted second degree forgery, a Class I misdemeanor. At the outset of the plea hearing, McBride's counsel indicated to the county court that the parties had reached an agreement whereby McBride would plead guilty to the amended charge and "the parties will ask the [c]ourt to set the matter for a restitution hearing and sentencing thereafter." After advising McBride of her rights and ascertaining her understanding, the court accepted her plea and found her guilty. The court then clarified with McBride's counsel his request to have the matter set for a restitution hearing, and counsel confirmed his request.

The restitution hearing was held immediately prior to sentencing. A copy of the bill of sale for the purchase of the vehicle, a copy of AllAround's bank statement showing that she paid the purchase price, and a copy of the vehicle's title depicting AllAround's forged signature were all received into evidence at the restitution hearing.

AllAround testified that she paid all of the $13,144 for the vehicle and that McBride did not pay any portion of the purchase price. Thus, she was seeking restitution from McBride in the amount of the purchase price. She admitted that she did not have an opinion as to the value of the vehicle at the time McBride sold it.

McBride also testified and admitted that she thought $3,300, approximately half of the price for which she sold the vehicle, was a fair amount of restitution. McBride was asked whether she contributed any money toward the purchase of the vehicle, and she responded, "I choose not to say anything right now."

After hearing the evidence, the county court found that the evidence showed that the vehicle was purchased for $13,144 and that although the names of both AllAround and McBride were on the title to the vehicle, there was no evidence that McBride put any money toward the purchase price. Therefore, because the evidence before the court established that only AllAround paid the entire amount, the court ordered McBride to pay restitution in the amount of $13,144. McBride was also sentenced to 90 days in jail.

McBride appealed to the district court for Madison County. She assigned that the county court erred in ordering restitution and imposing an excessive sentence. The district court affirmed the jail sentence and the amount of actual damages. However, it vacated the restitution order and remanded the matter for further determination as to McBride's ability to pay restitution and as to the timeframe in which she is able to pay. McBride now appeals to this court.

## ASSIGNMENTS OF ERROR

McBride couches her assigned errors as those committed by the trial court; however, because she is appealing from the order on appeal by the district court, we restate her assigned errors as follows: The district court erred in finding that

(1) she was properly advised of the possibility of an order of restitution, (2) the circumstances warranted an order of restitution, and (3) the State sufficiently proved the amount of actual damages.

## STANDARD OF REVIEW

[1] Sentences within statutory limits will be disturbed by an appellate court only if the sentence complained of was an abuse of judicial discretion. *State v. Ramirez*, 285 Neb. 203, 825 N.W.2d 801 (2013). An abuse of discretion takes place when the sentencing court's reasons or rulings are clearly untenable and unfairly deprive a litigant of a substantial right and a just result. *Id*.

## ANALYSIS

At the outset, we note that the State asserts that although the district court remanded portions of the restitution order for further determination by the county court, this court has jurisdiction over the appeal. We agree.

[2-4] Before reaching the legal issues presented for review, it is the duty of an appellate court to determine whether it has jurisdiction over the matter before it. *State v. Coble*, 299 Neb. 434, 908 N.W.2d 646 (2018). When a district court, sitting as an intermediate appellate court, enters an order that affects a substantial right, that order is final for purposes of appeal if its judgment can be executed without any further action by the district court. *Barrios v. Commissioner of Labor*, 25 Neb. App. 835, 914 N.W.2d 468 (2018). Where the district court reverses a judgment in favor of a party, and remands the matter for further proceedings, that party's substantial right has been affected. *Id*. Further, a district court order affirming, reversing, or remanding an order or judgment of the county court is itself a final order that an appellate court has jurisdiction to review. *State v. Coble, supra*. Having found that this court has jurisdiction over this matter, we now turn to the assigned errors.

*Advisement of Possibility*
*of Restitution.*

McBride argues that the district court erred in finding that restitution was appropriate because she was never advised of the possibility of an order of restitution. We disagree.

[5,6] The Nebraska Supreme Court has held that the failure to inform a defendant of the possibility of restitution renders the entry of a plea of guilty involuntary and unintelligent in that regard and consequently prevents the imposition of an order of restitution. See *State v. War Bonnett*, 229 Neb. 681, 428 N.W.2d 508 (1988). However, the court has also held that while in order for a defendant to enter a voluntary and intelligent plea of guilty, he or she must know the penalty for the crime to which he or she is pleading, and although it is preferable that such knowledge be imparted by the judge accepting the plea, it is nonetheless possible to prove the defendant's knowledge by other means. *State v. Fischer*, 220 Neb. 664, 371 N.W.2d 316 (1985). In *State v. Mentzer*, 233 Neb. 843, 448 N.W.2d 409 (1989), the Supreme Court upheld a restitution order where the defendant, through his attorney, advised the court at sentencing that he was willing to make any restitution that would be ordered, thereby establishing that he was aware that an order of restitution was a possibility.

Likewise here, McBride was not informed at arraignment or at the time she entered her plea that restitution was a possible penalty for her crime. However, at the outset of the plea hearing, McBride, through her attorney, informed the county court that the parties would be asking the court to set the matter for a restitution hearing. Thus, prior to the time she entered her plea, McBride was aware that the court could order her to pay restitution. The record therefore establishes that McBride was aware of the possibility of restitution prior to entering her plea, and thus, her plea was not entered involuntarily or unintelligently.

*Circumstances Warranting*
*Order of Restitution.*

McBride argues that the circumstances of the present case do not warrant an order of restitution. She claims that the dispute between her and AllAround should be handled as a civil matter rather than in the context of the criminal proceedings. We find no abuse of discretion in the decision to order restitution.

[7,8] Neb. Rev. Stat. § 29-2280 (Reissue 2016) vests trial courts with the authority to order restitution for actual damages sustained by the victim of a crime for which a defendant is convicted. *State v. Ramirez*, 285 Neb. 203, 825 N.W.2d 801 (2013). Pursuant to Neb. Rev. Stat. § 29-2281 (Reissue 2016), before restitution can be properly ordered, the trial court must consider: (1) whether restitution should be ordered, (2) the amount of actual damages sustained by the victim of a crime, and (3) the amount of restitution a criminal defendant is capable of paying. *State v. Holecek*, 260 Neb. 976, 621 N.W.2d 100 (2000). The question here falls under the first consideration: whether restitution should be ordered. Neb. Rev. Stat. § 29-2282 (Reissue 2016) provides:

> In determining restitution, if the offense results in damage, destruction, or loss of property, the court may require: (1) Return of the property to the victim, if possible; (2) payment of the reasonable value of repairing the property, including property returned by the defendant; or (3) payment of the reasonable replacement value of the property, if return or repair is impossible, impractical, or inadequate. If the offense results in bodily injury, the court may require payment of necessary medical care, including, but not limited to, physical or psychological treatment and therapy, and payment for income lost due to such bodily injury. If the offense results in the death of the victim, the court may require payment to be made to the estate of the victim for the cost of any medical care prior to death and for funeral and burial expenses.

The Nebraska Supreme Court has stated, "Under § 29-2282, *restitution is warranted* '[i]f the offense results in bodily injury.'" *State v. Ramirez*, 285 Neb. at 208, 825 N.W.2d at 806 (emphasis supplied). Thus, we interpret § 29-2282 to also warrant restitution where, as here, "the offense results in damage, destruction, or loss of property."

The evidence in the present case established that as a result of McBride's forging AllAround's signature on the vehicle's title and selling the vehicle, AllAround lost property to which she was entitled. We understand McBride's argument that because her name was also on the title, she may have been entitled to at least a portion of the value of the vehicle. However, she argues, without authority, that determination of any monetary damages is better left to a civil proceeding rather than handled in the context of this criminal proceeding.

[9,10] When a court orders restitution to a crime victim under § 29-2280, restitution is a criminal penalty imposed as punishment and is part of the criminal sentence imposed by the sentencing court. *State v. Clapper*, 273 Neb. 750, 732 N.W.2d 657 (2007). Imposing a sentence within statutory limits is a matter entrusted to the discretion of the trial court. *State v. King*, 19 Neb. App. 410, 807 N.W.2d 192 (2011). In imposing a sentence, the sentencing court is not limited to any mathematically applied set of factors. *Id.* The appropriateness of a sentence is necessarily a subjective judgment and includes the sentencing judge's observation of the defendant's demeanor and attitude and all the facts and circumstances surrounding the defendant's life. *Id.*

At sentencing in the instant case, the county court noted that McBride knew the title was forged and therefore was aware that she was doing something illegal. The court also observed that McBride herself could have elected to handle the matter with AllAround via a civil proceeding, but instead, she chose to circumvent the process and take matters into her own hands by selling the vehicle unlawfully and retaining all of the proceeds. The court therefore concluded that an order

of restitution was appropriate in this case. Based on the record before us, including the court's rationale, we cannot find that that decision constitutes an abuse of discretion.

*Actual Damages.*

McBride asserts that the order of restitution was an abuse of discretion because the State failed to prove the amount of actual damages sustained as a result of the crime. We find no merit to this argument.

[11-13] After the sentencing court determines that a conviction warrants restitution, it then becomes the sentencing court's factfinding responsibility to determine the victim's actual damages and the defendant's ability to pay. *State v. Ramirez*, 285 Neb. 203, 825 N.W.2d 801 (2013). Under § 29-2281, the sentencing court may hold a hearing at the time of sentencing to determine the amount of restitution. *Id*. The sentencing court's determination of "restitution shall be based on the actual damages sustained by the victim and shall be supported by evidence which shall become a part of the court record." § 29-2281. To be relied upon by the sentencing court, the evidence must be sworn and corroborated. *State v. Ramirez, supra*.

In relevant part, § 29-2282 provides that in determining restitution, if the offense results in loss of property, the court may require payment of the "reasonable replacement value" of the property.

McBride argues, without authority, that the court's failure to consider depreciation when determining the actual damages for restitution purposes was an abuse of discretion. We note that the restitution statutes refer to "actual damages" and "reasonable replacement value" but do not specifically refer to depreciation or market value. See §§ 29-2281 and 29-2282. Nor do the statutes address the manner in which actual damages are to be calculated other than the amount of restitution must be supported by evidence which shall become part of the court record. See § 29-2281.

At the restitution hearing, AllAround testified that she paid $13,144 for the vehicle and that McBride contributed nothing toward the purchase price. A copy of the bill of sale and evidence that AllAround paid the purchase price were received into evidence.

The vehicle at issue here was a 2009 GMC Acadia, purchased in December 2016 and sold in May 2017. The district court, in reviewing the trial court's order, found no abuse of discretion, the "actual damages being based upon a recent purchase price of the 2009 GMC." We do not find such a determination to be an abuse of the court's discretion, either. And the undisputed evidence before the court proved that AllAround paid the entire cost of the vehicle and had not been reimbursed. Therefore, we find that the district court did not abuse its discretion in affirming the county court's valuation of $13,144 and ordering restitution in that amount.

## CONCLUSION

Finding no merit to the arguments raised on appeal, we affirm the district court's order.

AFFIRMED.