Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
10/02/2020 09:09 AM CDT

State of Nebraska, appellee,
v. Chad K. Street,
appellant.

___ N.W.2d ___

Filed July 10, 2020.    No. S-19-307.

1. **Sentences: Restitution: Appeal and Error.** The rule that a sentence
   will not be disturbed on appeal absent an abuse of discretion is applied
   to the restitution portion of a criminal sentence just as it is to any other
   part of the sentence; sentences within statutory limits will be disturbed
   by an appellate court only if the sentence complained of was an abuse
   of judicial discretion.
2. **Restitution.** Restitution is purely statutory, and a court has no power to
   issue such an order in the absence of enabling legislation.
3. **Sentences: Restitution.** Restitution ordered by a court pursuant to Neb.
   Rev. Stat. § 29-2280 (Reissue 2016) is a criminal penalty imposed as a
   punishment for a crime and is part of the criminal sentence imposed by
   the sentencing court.
4. ____: ____. Restitution, like any other part of the sentence, involves
   discretion.
5. **Restitution.** The appropriateness of an order of restitution is necessarily
   a subjective judgment and not a mathematical application of factors.
6. **Restitution: Appeal and Error.** On appeal, an appellate court does not
   endeavor to reform the trial court's order. Rather, the appellate court
   reviews the record made in the trial court for compliance with the statu-
   tory factors that control restitution orders.
7. **Restitution.** Restitution is limited to the direct loss resulting from that
   offense of which the defendant has been convicted.
8. **Restitution: Damages.** Under Neb. Rev. Stat. § 29-2281 (Reissue
   2016), before restitution can be properly ordered, the trial court must
   consider (1) whether restitution should be ordered, (2) the amount of
   actual damages sustained by the victim of a crime, and (3) the amount
   of restitution a criminal defendant is capable of paying.

9. **Sentences: Restitution: Evidence.** In accordance with Neb. Rev. Stat. § 29-2281 (Reissue 2016), the restitution "shall be supported by evidence which shall become a part of the court record," but a sentencing court has broad discretion as to the source and type of evidence and information that may be used.

10. \_\_\_\_: \_\_\_\_: \_\_\_\_. The evidence supporting restitution must provide meaningful information from which the sentencing court can meaningfully consider the various statutory factors set forth in Neb. Rev. Stat. §§ 29-2280 through 29-2289 (Reissue 2016).

11. **Criminal Law: Statutes.** Penal statutes are to be given a strict construction which is sensible.

12. **Statutes.** In the absence of anything indicating to the contrary, statutory language is to be given its plain and ordinary meaning.

13. **Restitution: Damages.** "Actual damages" under criminal restitution statutes are not governed by the strict rules of damages applicable to civil cases.

14. \_\_\_\_: \_\_\_\_. Restitution for actual damages or actual loss are meant to make the victim whole by returning the victim to the position the victim was in before the defendant's actions.

15. **Statutes: Legislature: Intent.** The intent of the Legislature may be found through its omission of words from a statute as well as its inclusion of words in a statute.

16. **Statutes: Appeal and Error.** An appellate court is not permitted to read additional words into a clear and unambiguous statute.

17. **Statutes: Legislature: Intent.** Components of a series or collection of statutes pertaining to a certain subject matter are in pari materia and should be conjunctively considered and construed to determine the intent of the Legislature, so that different provisions are consistent, harmonious, and sensible.

18. **Statutes.** To the extent there is a conflict between two statutes, the specific statute controls over the general statute.

19. **Statutes: Words and Phrases.** The word "may," when used in a statute, will be given its ordinary, permissive, and discretionary meaning unless it would manifestly defeat the statutory objective.

20. **Restitution.** Under the plain language of Neb. Rev. Stat. § 29-2282 (Reissue 2016), reasonable replacement value is the measure of restitution only "if return or repair is impossible, impractical, or inadequate."

21. **Sentences: Restitution.** It is a matter within the discretion of the sentencing court to determine the proper measure of restitution in order to return the victim as much as possible to the position the victim was in before the defendant's actions.

22. **Restitution: Proof.** The State does not bear a strict burden of proof with regard to restitution.

23. **Sentences: Restitution: Evidence.** In reviewing restitution as part of the sentence in a criminal case, the question is whether there is competent evidence in the record, as opposed to mere guess or conjecture, which reasonably supports the court's calculation of the amount of the victim's loss.

24. **Restitution: Evidence.** Restitution will be upheld if calculated by use of reasonable methods; therefore, when the defendant does not present contradictory evidence, the court does not err in relying on a victim's competent estimates of loss.

25. **Sentences: Restitution.** Under Neb. Rev. Stat. § 29-2281 (Reissue 2016), ability to pay is a consideration that the sentencing court must weigh against the defendant's obligations to the victim for the crime or crimes committed; it is neither exclusive of other factors nor controlling of the discretion of the court.

26. ____: ____. The certainty and precision prescribed for the criminal sentencing process applies to criminal sentences containing restitution ordered pursuant to Neb. Rev. Stat. § 29-2280 (Reissue 2016).

27. **Sentences.** In imposing a sentence, the sentencing court should state with care the precise terms of the sentence to be imposed.

28. **Appeal and Error: Words and Phrases.** Plain error exists where there is an error, plainly evident from the record but not complained of at trial, which prejudicially affects a substantial right of a litigant and is of such a nature that to leave it uncorrected would cause a miscarriage of justice or result in damage to the integrity, reputation, and fairness of the judicial process.

29. **Sentences: Restitution: Appeal and Error.** It is plain error for a sentence of restitution to fail to specify whether the restitution is to be made immediately, in specified installments, or within a specified period of time.

30. **Sentences.** A sentence pronounced upon a defendant is controlling over a later erroneous written sentence.

Petition for further review from the Court of Appeals, Moore, Chief Judge, and Pirtle and Welch, Judges, on appeal thereto from the District Court for Lancaster County, Darla S. Ideus, Judge, on appeal thereto from the County Court for Lancaster County, Thomas E. Zimmerman, Judge. Judgment of Court of Appeals affirmed and remanded with directions.

Matt Catlett, of Law Office of Matt Catlett, for appellant.

Douglas J. Peterson, Attorney General, and Matthew Lewis for appellee.

Heavican, C.J., Miller-Lerman, Cassel, Stacy, Funke, Papik, and Freudenberg, JJ.

Freudenberg, J.

## NATURE OF CASE

The defendant appeals an order of restitution. He asserts that the county court erred by ordering restitution of a damaged vehicle in the amount of the cost of repairing the vehicle without knowing whether those repair costs exceeded the vehicle's fair market value before the defendant's crime. The defendant also asserts that he is unable to pay the amount ordered. We affirm the sentence as pronounced, but remand the matter with directions to modify the written judgment to conform to the pronounced sentence.

## BACKGROUND

Chad K. Street pleaded to and was convicted of one count of leaving the scene of an accident and one count of reckless driving. The charges stemmed from an incident in the early morning hours of February 20, 2017. Street crashed into the victim's unoccupied vehicle that was parked on the street in front of the victim's home. Street then fled the scene by foot, leaving behind his own vehicle, which had been thrown onto its side.

As part of the sentence, the State sought restitution under Neb. Rev. Stat. §§ 29-2280 through 29-2289 (Reissue 2016). At the sentencing hearing, the State adduced evidence that the victim's vehicle, a 2005 Chevy Equinox with roughly 79,000 miles, had been in good condition before the accident. After the accident, it was no longer operational.

The vehicle was towed to a body shop. The victim later found out from the body shop that the vehicle was "totaled." There was no evidence explaining what "totaled" meant.

An estimator at the body shop prepared an estimate for the vehicle's repair to bring it back to its preaccident condition. The estimator testified that the vehicle had been "hit hard in the left rear." According to the estimate, it would cost $10,347.70 to repair the vehicle so that it was in the same condition as it was before Street hit it.

The victim could not recall the vehicle's purchase price. No evidence was presented as to the vehicle's estimated fair market value before the incident.

Concerning his ability to pay any restitution, Street testified that he rents an apartment through Veterans Affairs. He testified that he pays a portion of the rent and that Veterans Affairs pays the other portion. Street did not describe the amount of his contribution. Street receives $1,017 in disability benefits each month. He pays $35 to $45 per month for his cell phone and about $50 per month for cigarettes. He testified that he voluntarily sends his wife, with whom he is separated, $300 per month to help support their 3-year-old daughter. The State presented evidence that over the prior 18 months, Street had posted five different bonds in a total amount of $2,400.

Defense counsel argued at the sentencing hearing that the State had failed to meet its burden of proof for restitution because it had failed to present evidence of the vehicle's market value. According to defense counsel, civil principles should apply such that "actual damages" under § 29-2281 for a vehicle are the lesser of either the repair costs or the vehicle's reduction in value. Thus, without evidence of the vehicle's fair market value before the incident, there was insufficient evidence from which the court could calculate actual damages for purposes of restitution under § 29-2280. Defense counsel also asserted the evidence that the vehicle was "totaled" demonstrated that under § 29-2282(3), "return or repair is impossible, impractical, or inadequate." Finally, defense counsel argued that Street was indigent and would be unable to pay any restitution.

The county court ordered restitution in the amount of $10,347.70, the cost of repairing the vehicle. The court reasoned that the language of the restitution statutes did not set forth a civil standard requiring that the restitution be in the amount of the vehicle's fair market value before the crime if repairing the vehicle would cost more than it had been worth. Since there was no evidence presented by the parties as to the market value of the vehicle before the crime, the court explained, "the only number that I've got is the number that's contained in . . . the estimate."

The court ordered any bonds that had been forfeited to be reinstated to the victim. The court calculated that by the time those bonds were applied, Street would owe approximately $9,000 in restitution.

The court explained that while it did not "have a lot to go on in terms of what [Street] could afford," his voluntary payment of $300 for his daughter's care and his recent bond payments indicated that he "ought to be able to handle $300 a month toward restitution." At that rate, it would take Street about 2½ years to pay the balance of the restitution fully. The court pronounced from the bench that the restitution be paid in the amount of $300 per month until paid in full.

The monthly payment and term were not described in the sentencing order, however. The sentencing order merely provides that Street pay a total of $10,347.70 to the victim.

Street appealed to the district court, assigning that the county court erred in ordering restitution. Street argued that there was insufficient evidence to support the order of restitution because there was no evidence of the vehicle's fair market value before the accident. Defense counsel also asserted that the evidence the vehicle was "totaled" meant the cost of repairing the vehicle exceeded its value. Lastly, Street argued that because Street was indigent and the payment resulted in Street's income falling below the federal poverty threshold, the evidence was insufficient to show he had a reasonable ability to pay. The district court found the order

of restitution was supported by the evidence and not contrary to law.

Street appealed to the Nebraska Court of Appeals, assigning that the district court erred in affirming the restitution component of the county court's sentence because there was insufficient evidence of actual damages to warrant the restitution and because Street is not capable of paying the restitution ordered. The Court of Appeals affirmed.[1] The Court of Appeals held that the amount of the order of restitution was supported by the evidence of the repair cost of the vehicle. Further, it held that the county court's determination that Street was capable of paying $300 per month in restitution conformed to the law, was supported by competent evidence, and was neither arbitrary, capricious, nor unreasonable.

We granted Street's petition for further review.

## ASSIGNMENTS OF ERROR

On further review, Street assigns that the Court of Appeals erred in finding no error in the district court's affirmance of the restitution component of the county court's sentence because (1) there was insufficient evidence of actual damages to warrant the restitution and (2) Street is not capable of paying the restitution ordered.

## STANDARD OF REVIEW

[1] The rule that a sentence will not be disturbed on appeal absent an abuse of discretion is applied to the restitution portion of a criminal sentence just as it is to any other part of the sentence;[2] sentences within statutory limits will be disturbed by an appellate court only if the sentence complained of was an abuse of judicial discretion.[3]

---

[1] *State v. Street*, No. A-19-307, 2019 WL 7369234 (Neb. App. Dec. 31, 2019) (selected for posting to court website).

[2] See *State v. McCulley*, 305 Neb. 139, 939 N.W.2d 373 (2020).

[3] *Id*.

## ANALYSIS

[2,3] Restitution is purely statutory, and a court has no power to issue such an order in the absence of enabling legislation.[4] Restitution ordered by a court pursuant to § 29-2280 is a criminal penalty imposed as a punishment for a crime and is part of the criminal sentence imposed by the sentencing court.[5]

[4-6] Restitution, like any other part of the sentence, involves discretion.[6] The appropriateness of an order of restitution is necessarily a subjective judgment and not a mathematical application of factors.[7] On appeal, we do not endeavor to reform the trial court's order. Rather, we review the record made in the trial court for compliance with the statutory factors that control restitution orders.[8]

The rule that a sentence will not be disturbed on appeal absent an abuse of discretion is applied to the restitution portion of a criminal sentence just as it is to any other part of the sentence.[9] A judicial abuse of discretion exists only when the reasons or rulings of a trial judge are clearly untenable, unfairly depriving a litigant of a substantial right and denying a just result in matters submitted for disposition.[10]

Sections 29-2280 through 29-2289 govern a trial court's authority to order restitution for actual damages sustained by the victim of a crime for which the defendant is convicted. Section 29-2280 provides in relevant part that "[a] sentencing court may order the defendant to make restitution for the *actual* physical injury or *property damage or loss sustained by*

---

[4] *State v. McMann*, 4 Neb. App. 243, 541 N.W.2d 418 (1995).

[5] *State v. McCulley, supra* note 2.

[6] *Id*.

[7] See *id*.

[8] *Id*.

[9] *Id*.

[10] *State v. Ralios*, 301 Neb. 1027, 921 N.W.2d 362 (2019).

*the victim as a direct result of the offense* for which the defendant has been convicted." (Emphasis supplied.)

Section 29-2281, in turn, provides in full:

> To determine the amount of restitution, the court may hold a hearing at the time of sentencing. The amount of restitution shall be based on the *actual damages sustained* by the victim and shall be supported by evidence which shall become a part of the court record. The court shall consider the defendant's earning ability, employment status, financial resources, and family or other legal obligations and shall balance such considerations against the obligation to the victim. In considering the earning ability of a defendant who is sentenced to imprisonment, the court may receive evidence of money anticipated to be earned by the defendant during incarceration. A person may not be granted or denied probation or parole either solely or primarily due to his or her financial resources or ability or inability to pay restitution. The court may order that restitution be made immediately, in specified installments, or within a specified period of time not to exceed five years after the date of judgment or defendant's final release date from imprisonment, whichever is later. Restitution payments shall be made through the clerk of the court ordering restitution. The clerk shall maintain a record of all receipts and disbursements.

(Emphasis supplied.)

Section 29-2282 elaborates in relevant part:

> In determining restitution, if the offense results in damage, destruction, or loss of property, the court may require: (1) Return of the property to the victim, if possible; (2) payment of the reasonable value of repairing the property, including property returned by the defendant; or (3) payment of the reasonable replacement value of the property, if return or repair is impossible, impractical, or inadequate.

[7,8] Under these statutes, restitution is limited to the direct loss resulting from that offense of which the defendant has been convicted.[11] Under § 29-2281, before restitution can be properly ordered, the trial court must consider (1) whether restitution should be ordered, (2) the amount of actual damages sustained by the victim of a crime, and (3) the amount of restitution a criminal defendant is capable of paying.[12]

[9,10] In accordance with § 29-2281, the restitution "shall be supported by evidence which shall become a part of the court record," but a sentencing court has broad discretion as to the source and type of evidence and information that may be used.[13] This evidence must provide meaningful information from which the sentencing court can meaningfully consider the various statutory factors set forth in §§ 29-2280 through 29-2289.[14]

## Actual Damages

Street asserts that without evidence of the market value of the vehicle before he hit it, the sentencing court had insufficient evidence to determine that the repair cost of the vehicle represented the "actual damages" and "actual . . . property damage or loss."[15] He further asserts that under § 29-2282, the amount of restitution must correspond to the "reasonable replacement value" of the property if repair is "impractical," and that the victim's testimony the vehicle was "totaled" demonstrated that repair was "impractical." We disagree with these arguments, and we find that the evidence of the repair costs was meaningful information from which the court determined

---

[11] See, *State v. Escamilla*, 237 Neb. 647, 467 N.W.2d 59 (1991); *State v. Kelly*, 235 Neb. 997, 458 N.W.2d 255 (1990); *State v. Arvizo*, 233 Neb. 327, 444 N.W.2d 921 (1989).

[12] *State v. McCulley, supra* note 2.

[13] See *id*.

[14] See *id*.

[15] See §§ 29-2280 and 29-2281.

the amount of restitution and that the amount so ordered was not an abuse of discretion.

[11,12] Penal statutes are to be given a strict construction which is sensible.[16] In the absence of anything indicating to the contrary, statutory language is to be given its plain and ordinary meaning.[17] The terms "actual damages" or "actual property damage or loss" are not defined by the restitution statutes. We agree with the State that the plain and ordinary meaning of "actual damages" or "actual property damage or loss" does not require an assessment of the damaged property's prior fair market value when it can be repaired to its former condition.

[13,14] "Actual damages" under criminal restitution statutes are not governed by the strict rules of damages applicable to civil cases.[18] Thus, for example, other jurisdictions have rejected the contention that for the amount of the victim's medical expenses to be ordered as restitution, the State must demonstrate the services were medically necessary or that the amounts charged were reasonable.[19] Restitution for actual damages or actual loss are meant to make the victim whole[20] by returning the victim to the position the victim was in before the defendant's actions.[21] Although at least one other jurisdiction has held that restitution should not exceed the reasonable market value of the property before the damage,[22] elsewhere it has been held that compensation may include an amount over

---

[16] See *State v. Sundling*, 248 Neb. 732, 538 N.W.2d 749 (1995).

[17] See *State v. Valentino*, 305 Neb. 96, 939 N.W.2d 345 (2020).

[18] See, e.g., *People v. Johnson*, 780 P.2d 504 (Colo. 1989).

[19] *Matter of J.R.*, 907 S.W.2d 107 (Tex. App. 1995). See, also, *In re Doe*, 146 Idaho 277, 192 P.3d 1101 (Idaho App. 2008).

[20] See, e.g., *Huml v. Vlazny*, 293 Wis. 2d 169, 716 N.W.2d 807 (2006); *Tumlison v. State*, 93 Ark. App. 91, 216 S.W.3d 620 (2005).

[21] See *State v. Anderson*, 215 Wis. 2d 673, 573 N.W.2d 872 (Wis. App. 1997).

[22] See *State v. Casto*, 22 Kan. App. 2d 152, 912 P.2d 772 (1996).

and above the actual value of the interest that is the subject of the case.[23]

[15,16] Recently, in *State v. McBride*,[24] the Court of Appeals rejected the argument that in relation to the fraudulent sale of a vehicle, the sentencing court did not base its restitution order on "actual damages" to the victim or the "reasonable replacement value" of the fraudulently transferred property when it utilized the purchase price of the vehicle purchased 5 months before without considering its depreciation. The Court of Appeals reasoned that the restitution statutes "do not specifically refer to depreciation or market value."[25] "Nor do the statutes address the manner in which actual damages are to be calculated other than the amount of restitution must be supported by evidence which shall become part of the court record."[26] This is true. And as we have said many times, the intent of the Legislature may be found through its omission of words from a statute as well as its inclusion of words in a statute.[27] We are not permitted to read additional words into a clear and unambiguous statute.[28]

[17,18] Actual damages in restitution should be read in conjunction with the more specific statute, § 29-2282. Components of a series or collection of statutes pertaining to a certain subject matter are in pari materia and should be conjunctively considered and construed to determine the intent of the Legislature, so that different provisions are consistent, harmonious, and sensible.[29] And to the extent there is a conflict between two statutes, the specific statute controls over the

---

[23] See *Tumlison v. State, supra* note 20.

[24] *State v. McBride*, 27 Neb. App. 219, 927 N.W.2d 842 (2019).

[25] *Id.* at 227, 927 N.W.2d at 849.

[26] *Id.*

[27] *Stewart v. Nebraska Dept. of Rev.*, 294 Neb. 1010, 885 N.W.2d 723 (2016).

[28] See *id*.

[29] *State v. Hernandez*, 283 Neb. 423, 809 N.W.2d 279 (2012).

general statute.[30] While we do not find ambiguity or conflict, it is apparent that the specifically listed options in § 29-2282 of "(1) [r]eturn of the property to the victim, if possible; (2) payment of the reasonable value of repairing the property, including property returned by the defendant; or (3) payment of the reasonable replacement value of the property, if return or repair is impossible, impractical, or inadequate," all represent restitution for the victim's "actual damages" or "actual property damage or loss."

[19] There is nothing in § 29-2282 indicative of a mandatory tier system for these three options, given that the three options listed are preceded by the word "may." The word "may," when used in a statute, will be given its ordinary, permissive, and discretionary meaning unless it would manifestly defeat the statutory objective.[31] In the event that the property can be found and has been damaged, the list indicates a discretionary preference for return and repair of the property rather than payment of reasonable replacement value.

[20,21] Under the plain language of § 29-2282, reasonable replacement value is the measure of restitution only "if return or repair is impossible, impractical, or inadequate." But we disagree with Street's contention that these terms are necessarily bound by concepts of "fair market value"—which, again, is found nowhere in the statutory scheme. The determination of whether return or repair is "impossible, impractical, or inadequate," like other sentencing factors, is left to the sound discretion of the sentencing court. It is a matter within the discretion of the sentencing court to determine the proper measure of restitution in order to return the victim as much as possible to the position the victim was in before the defendant's actions.

---

[30] *Id.*

[31] *Spaghetti Ltd. Partnership v. Wolfe*, 264 Neb. 365, 647 N.W.2d 615 (2002), *disapproved on other grounds, ML Manager v. Jensen*, 287 Neb. 171, 842 N.W.2d 566 (2014).

[22,23] Moreover, the State does not bear a strict burden of proof with regard to restitution.[32] In reviewing restitution as part of the sentence in a criminal case, the question is whether there is competent evidence in the record, as opposed to mere guess or conjecture,[33] which reasonably supports the court's calculation of the amount of the victim's loss.

The evidence of the vehicle's repair costs was competent evidence supporting the court's decision to assess restitution in that amount. If Street had wished the court at sentencing to consider instead the vehicle's fair market value before the crime as the amount of restitution, Street was free to present evidence on the vehicle's fair market value and make that argument.[34]

[24] Restitution will be upheld if calculated by use of reasonable methods; therefore, when the defendant does not present contradictory evidence, the court does not err in relying on a victim's competent estimates of loss.[35] We hold that the county court's determination that restitution should be in the amount equal to the repair costs of the damaged vehicle was not clearly untenable and did not unfairly deprive Street of a substantial right or a just result. As such, neither the district court nor the Court of Appeals erred in concluding that the county court did not abuse its discretion in its calculation of the amount of the victim's "actual damages."

## Ability to Pay

[25] We next address Street's argument that the county court abused its discretion by ordering him to pay restitution in an amount exceeding his ability to pay. We recently explained in *State v. McCulley*[36] that ability to pay is not a necessary

---

[32] See *State v. Anderson, supra* note 21.

[33] See *State v. Lucas*, 234 N.C. App. 247, 758 S.E.2d 672 (2014).

[34] See *People v. Tidwell*, 33 Ill. App. 3d 232, 338 N.E.2d 113 (1975).

[35] See *State v. McClelland*, 381 Mont. 164, 357 P.3d 906 (2015).

[36] *State v. McCulley, supra* note 2.

prerequisite to an order of restitution for actual damages sustained by the victim of a crime for which the defendant is convicted. Under § 29-2281, ability to pay is a consideration that the sentencing court must weigh against the defendant's obligations to the victim for the crime or crimes committed;[37] it is neither exclusive of other factors nor controlling of the discretion of the court.[38]

As we noted in *McCulley*, the weight accorded to ability to pay in determining the amount of restitution at sentencing is distinct from how it is treated in subsequent proceedings to enforce compliance with a restitution order. Section 29-2284 describes the possible consequences for a defendant who has been placed on probation or paroled and who failed to comply with a restitution order, and it states that "[p]robation or parole may not be revoked unless noncompliance with the restitution order is attributable to an intentional refusal to obey the order or a failure to make a good faith effort to comply with the order." Further, § 29-2285 allows the court to "adjust or waive payment of the unpaid portion thereof or other restitution or modify the time or method of making restitution," if the court finds that the "circumstances upon which it based the imposition or amount and method of payment or other restitution ordered no longer exist or that it otherwise would be unjust to require payment or other restitution as imposed."

The county court endeavored to produce a payment plan that the evidence indicated Street would be able to pay. Even if we assume that Street is correct that he is unable to pay $300 per month in restitution, that fact does not render the court's order an abuse of discretion. We hold that the court did not abuse its discretion in ordering restitution in the amount of $10,347.70, reduced to approximately $9,000 upon the application of bonds funds, to be paid at a rate of $300 per month. Neither the district court nor the Court of Appeals erred in

---

[37] See *id.*

[38] See *id.*

concluding that the county court did not abuse its discretion in its consideration of Street's ability to pay this sentence of restitution.

## Plain Error

[26,27] We do, however, find plain error in the county court's failure to specify in the written sentencing order, as it did in its oral pronouncement, whether the restitution was to be made immediately, in specified installments, or within a specified period of time. The certainty and precision prescribed for the criminal sentencing process applies to criminal sentences containing restitution ordered pursuant to § 29-2280.[39] In imposing a sentence, the sentencing court should state with care the precise terms of the sentence to be imposed.[40]

[28,29] Plain error exists where there is an error, plainly evident from the record but not complained of at trial, which prejudicially affects a substantial right of a litigant and is of such a nature that to leave it uncorrected would cause a miscarriage of justice or result in damage to the integrity, reputation, and fairness of the judicial process.[41] In *State v. Esch*,[42] we held that it is plain error for a sentence of restitution to fail to specify whether the restitution is to be made immediately, in specified installments, or within a specified period of time.[43] We explained that "although § 29-2281 offers options, one option must be ordered."[44]

[30] We have also held that it is plain error if a written judgment is not made to conform to the pronounced judgment, and in such circumstances, we have modified the written

[39] *State v. Collins*, 1 Neb. App. 596, 510 N.W.2d 330 (1993).

[40] *State v. Temple*, 230 Neb. 624, 432 N.W.2d 818 (1988).

[41] *State v. Sierra*, 305 Neb. 249, 939 N.W.2d 808 (2020).

[42] *State v. Esch*, 290 Neb. 88, 858 N.W.2d 219 (2015).

[43] See, also, *State v. Mettenbrink*, 3 Neb. App. 7, 520 N.W.2d 780 (1994); *State v. McGinnis*, 2 Neb. App. 77, 507 N.W.2d 46 (1993).

[44] *State v. Esch, supra* note 42, 290 Neb. at 97, 858 N.W.2d at 225.

judgment to conform to the pronounced sentence.[45] A sentence pronounced upon a defendant is controlling over a later erroneous written sentence.[46]

We accordingly remand the matter to the Court of Appeals with directions to remand the matter to the district court with directions to remand the matter to the county court with directions to conform Street's sentence to reflect the county court's oral pronouncement.

## CONCLUSION

For the foregoing reasons, we affirm the pronounced sentence of restitution and remand the matter to the Court of Appeals with directions to remand the matter to the district court with directions to remand the matter to the county court with directions to conform Street's sentence to reflect the county court's oral pronouncement.

Affirmed and remanded with directions.

---

[45] See *State v. Thomas*, 229 Neb. 635, 428 N.W.2d 221 (1988).

[46] See, *State v. Olbricht*, 294 Neb. 974, 885 N.W.2d 699 (2016); *State v. Thomas, supra* note 45. See, also, *State v. Newman*, 300 Neb. 770, 916 N.W.2d 393 (2018).