IN THE NEBRASKA COURT OF APPEALS

MEMORANDUM OPINION AND JUDGMENT ON APPEAL
(Memorandum Web Opinion)

STATE V. CARROLL

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

STATE OF NEBRASKA, APPELLEE,

V.

DAVON L. CARROLL, APPELLANT.

Filed August 16, 2022.    Nos. A-21-1014, A-21-1015.

Appeals from the District Court for Douglas County: LEIGH ANN RETELSDORF, Judge. Judgment in No. A-21-1014 affirmed. Judgment in No. A-21-1015 affirmed as modified.

Katie Jadlowski, of Bartling Law Offices, P.C., L.L.O., for appellant.

Douglas J. Peterson, Attorney General, and Melissa R. Vincent for appellee.

PIRTLE, Chief Judge, and BISHOP and WELCH, Judges.

BISHOP, Judge.

INTRODUCTION

Following his pleas of guilty entered in two separate cases, Davon L. Carroll was convicted of one count of first degree sexual assault and one count of possession of child pornography. The Douglas County District Court ordered consecutive sentences of 10 to 12 years' imprisonment for the first degree sexual assault conviction and 7 to 10 years' imprisonment for the possession of child pornography conviction. Carroll appeals, claiming that the district court abused its discretion in ordering consecutive sentences, and also in imposing an excessive sentence as to the possession of child pornography offense. Both cases were consolidated on appeal; we affirm Carroll's sentence in No. A-21-1014, and in No. A-21-1015, we affirm as modified.

- 1 -

BACKGROUND

On October 30, 2020, the State filed an information in case No. CR 20-3775 (A-21-1014) charging Carroll with one count of first degree sexual assault of a child, a Class IB felony, in violation of Neb. Rev. Stat. § 28-319.01 (Reissue 2016). Subsequently on November 2, the State filed an information in case No. CR 20-3798 (No. A-21-1015) charging Carroll with eight counts of possession of child pornography, each a Class IIA felony, in violation of Neb. Rev. Stat. § 28-813.01(1) (Cum. Supp. 2020).

A hearing was held on September 17, 2021. Pursuant to a plea agreement concerning both cases, the State agreed to (1) file an amended information in case No. CR 20-3775 charging Carroll with one count of first degree sexual assault, a Class II felony, in violation of Neb. Rev. Stat. § 28-319 (Reissue 2016), and (2) dismissing counts 2 through 8 in case No. CR 20-3798. Carroll entered a plea of guilty in both cases. According to the factual basis provided by the State:

> With respect to CR 20-3775, on September 29th, 2020, the 15-year-old victim of this case, N.T., reported that while she was walking she was approached by a man who was later identified as this Defendant, Davon Carroll. Mr. Carroll offered her a ride and she told him no initially. The Defendant then pulled his car in front of her to block her way and told her to get into the vehicle.
>
> The Defendant took her to a parking lot where he subjected her to penile-vaginal penetration and digital penetration. The victim stated she was able to get out of the car and went home where she did tell her mother about what happened and her mother made the initial report.
>
> The next day, September 30th, 2020, the victim identified this Defendant from a photo array. Officers then did a search warrant at the Defendant's residence where his car and the Defendant were located.
>
> The Defendant was subsequently interviewed. He stated that the victim had willingly ridden with him to his apartment where they drank and smoked marijuana before having sex in the apartment. At the time of the offense the Defendant was 28 years old, the victim was 15 years old. And these events all occurred here in Douglas County, Nebraska.
>
> With respect to CR 20-3798, in conjunction with the investigation just outlined, the search warrant was conducted at the Defendant's residence and the Defendant's phone was taken at the time of his arrest as well. The Defendant granted permission to search the phone, and during a phone examination officers located eight images of children engaged in sexual acts and erotic nudity, specifically one of those images included a female child who was approximately seven to ten years old performing fellatio on an adult male, the image was stamped hookup hotshot in the lower right corner. Those events also occurred here in Douglas County, Nebraska.

The district court accepted Carroll's guilty pleas and found him guilty of the same, and the court further dismissed counts 2 through 8 in case No. CR 20-3798. The cases were thereafter set for sentencing.

Following a hearing on November 17, 2021, the district court orally sentenced Carroll to 10 to 12 years' imprisonment on the first degree sexual assault charge and 7 to 10 years'

imprisonment on the charge for possession of child pornography, with credit for 412 days already served. As part of its oral pronouncement, the court ordered the sentences to run consecutively. The written sentencing order filed in case No. CR 20-3775 stated that Carroll would be imprisoned "for a period of Ten to Twelve (10-12) Years" with "[c]redit for time served of Four Hundred Twelve (412) Days." The written sentencing order filed in case No. CR 20-3798 stated that Carroll would be imprisoned "for a period of Seven to Ten (7-10) Years, to be served consecutively to CR 20-3775," with "[c]redit for time served of Four Hundred Twelve (412) Days."

Carroll appeals.

## ASSIGNMENTS OF ERROR

Carroll claims that the district court abused its discretion in ordering him to serve consecutive sentences. Carroll also assigns as error that the court imposed an excessive sentence with respect to his conviction for possession of child pornography.

## STANDARD OF REVIEW

An appellate court will not disturb a sentence imposed within the statutory limits absent an abuse of discretion by the trial court. *State v. Lierman*, 305 Neb. 289, 940 N.W.2d 529 (2020).

A judicial abuse of discretion exists only when the reasons or rulings of a trial judge are clearly untenable, unfairly depriving a litigant of a substantial right and denying a just result in matters submitted for disposition. *State v. Morton*, 310 Neb. 355, 966 N.W.2d 57 (2021).

## ANALYSIS

### NO ABUSE OF DISCRETION IN SENTENCING

Carroll argues in both cases that the district court abused its discretion by ordering his sentences to run consecutively. In case No. CR 20-3798 (No. A-21-1015), he also claims the court imposed an excessive sentence with respect to his conviction for possession of child pornography.

Carroll was convicted of one count of first degree sexual assault, a Class II felony, and one count of possession of child pornography, a Class IIA felony. A Class II felony is punishable by 1 to 50 years' imprisonment. See Neb. Rev. Stat. § 28-105 (Cum. Supp. 2020). A Class IIA felony is punishable by a sentence of up to 20 years' imprisonment. See *id.* Carroll was sentenced to 10 to 12 years' imprisonment for first degree sexual assault and 7 to 10 years' imprisonment for possession of child pornography. Each sentence is within the statutory range.

When imposing a sentence, a sentencing judge should consider the defendant's (1) age, (2) mentality, (3) education and experience, (4) social and cultural background, (5) past criminal record or record of law-abiding conduct, and (6) motivation for the offense, as well as (7) the nature of the offense and (8) the violence involved in the commission of the crime. *State v. Lierman, supra*. The appropriateness of a sentence is necessarily a subjective judgment and includes the sentencing judge's observation of the defendant's demeanor and attitude and all the facts and circumstances surrounding the defendant's life. *Id.*

Carroll was 29 years old at the time of sentencing. According to the presentence investigation report (PSR), he is the father of three children and was at the time in a relationship with a woman not involved in this case. He has some juvenile history which we will not recount here. His prior adult criminal history includes convictions for: "Minor in Possession of Alcohol"

in 2011 (unsatisfactorily discharged from probation; 18 days jail); "Shoplifting" in 2013 ($50 fine); "Shoplifting" again in 2013 ($100 fine); and "Possession of Marijuana – Less than One Ounce" in 2016 ($300 fine). His criminal record also includes other offenses such as "Failure to Appear" and several traffic-related offenses, including several counts of "No Proof of Insurance" and "Operating During Suspension."

The probation officer conducted a "Level of Service/Case Management Inventory." Carroll was assessed as a "high risk" to reoffend. He scored "High" in the criminogenic risk factor domains for education/employment, leisure/recreation, alcohol/drug problems, procriminal attitude, and antisocial pattern. He scored "Medium" in the domains for family/marital and companions. On the Substance Abuse Questionnaire, Carroll was assessed as a "Problem Risk" in the areas for truthfulness and drug use. According to the PSR, Carroll informed the probation officer that he did not know how the child pornography came to be on his phone. The probation officer also described that Carroll "has a history of reckless, aggressive, and impulsive behavior. He displays levels of antisocial and procriminal thinking and these behaviors and thinking patterns have led the defendant to criminal charges" in this case. The probation officer recommended a "straight sentence of incarceration."

At the sentencing hearing, Carroll's attorneys emphasized that his prior criminal record contained "nothing of violence" and that while he did engage in sexual intercourse with the victim, "[h]e believed that she was 18" and that it was consensual. Counsel described that "both mothers of [Carroll's] children have written letters about the relationship he has with his children and the support that he has provided" to both the children and their mothers. They argued that this incident represented an anomaly in his history given the lack of any prior violent offenses or prior offenses involving child pornography. Counsel further requested the court to sentence Carroll to a term of probation.

Carroll personally addressed the district court and apologized to the victim and her family, and he took "full responsibility for [his] mistakes," promising to "never be in this type of situation again."

The district court noted that there was a "story by [Carroll] and a story by the young woman" regarding what transpired that night. The court described that Carroll's conduct exhibited "utter reckless disregard" and that he took "no responsibility [in his statement to the court] with the exception of telling the Court he should have checked ID." The court further stated that it considered the relevant sentencing factors and particularly noted that this case was not "the kind of a sexual assault where there was a brutal, violent incident." The court found that Carroll was not an appropriate candidate for probation and sentenced him as previously set forth.

Carroll claims that the district court "fail[ed] to place sufficient weight on the sentencing factors" identified in multiple Nebraska cases and in Neb. Rev. Stat. § 29-2260(2) (Reissue 2016) with respect to the sentence imposed for possession of child pornography. Brief for appellant at 10 (case No. A-21-1015). He argues that the court failed to take into consideration both Carroll's character and the character of the offense, describing that the offense was "non-violent" and involved only a "small number of photographs." *Id.* at 11. Carroll asserts that the court's failure to "conduct an explicit § 29-2260(2) analysis . . . demonstrates that the court abused its discretion" and "deprived [him] of a fair sentencing proceeding." Brief for appellant at 12.

The Nebraska Supreme Court has stated that § 29-2260 "is a directive to the trial court as to the factors to be considered in imposing the sentence but that it contains no requirement that the court make specific findings." *State v. Garcia*, 302 Neb. 406, 440, 923 N.W.2d 725, 750 (2019). Therefore, the court's alleged failure to explicitly analyze the § 29-2260 factors is not in itself error or grounds for reversal; however, we do consider the applicable factors from § 29-2260 and from case law in reviewing whether the court abused its discretion in sentencing. *State v. Garcia, supra*. We observe that the district court stated that it had considered the PSR and the relevant sentencing factors in evaluating the propriety of its imposed sentence. And, as described previously, it was not required to fully articulate its balancing of the factors outlined in § 29-2260 and in Nebraska case law. See *State v. Garcia, supra*. Having considered the relevant sentencing factors, we cannot say that the court abused its discretion when sentencing Carroll for possession of child pornography.

Carroll also argues that the district court abused its discretion in imposing consecutive sentences. He claims that because the court "failed to identify any reason or set forth its rationale for the imposition of a consecutive sentence," the court "deprived [him] of a fair sentencing proceeding" and denied him the "ability to respond" at the trial court level and appellate court level. Brief for appellant at 8 (case No. A-21-1014); brief for appellant at 14 (case No. A-21-1015).

We cannot say that the district court's imposition of consecutive sentences in these cases constitutes an abuse of discretion. Carroll's argument relies on the same premise discussed previously in that he claims the court's failure to articulate a complete and explicit analysis of the § 29-2260 factors in its decision to impose consecutive sentences constitutes reversible error. However, as we have already described, there is no such requirement for trial courts to fully explain their rationale at the sentencing hearing or in a written sentencing order. See *State v. Garcia, supra*. Carroll's offenses involved serious conduct in both the engaging of sexual intercourse with a minor and possession of child pornography. Although we are mindful of the limited severity of his prior criminal history, our review of a sentencing order is limited to an abuse of discretion standard. And because the appropriateness of a sentence is necessarily a subjective judgment and includes the sentencing judge's observation of the defendant's demeanor and attitude and all the facts and circumstances surrounding the defendant's life, a sentencing court is accorded very wide discretion in imposing a sentence. *State v. Rogers*, 297 Neb. 265, 899 N.W.2d 626 (2017). Having considered those same factors in this case, we cannot say that the district court's decision to impose consecutive sentences constituted an abuse of discretion.

PLAIN ERROR REVIEW

The State submits that the district court committed plain error by awarding Carroll 412 days' credit against each of his two sentences in the sentencing orders. We agree.

During the sentencing hearing, defense counsel indicated that Carroll was entitled to 412 days' credit for time served, differing from the credit set forth in the PSR. The PSR correctly stated that Carroll was in custody beginning on October 1, 2020, through the sentencing hearing on November 17, 2021, but it then showed a total credit of 407 days. However, the dates reflected a total of 412 days. Accordingly, the amount of credit to be applied for time served was correctly calculated in the district court's orders.

In its oral pronouncement, the district court stated that Carroll would be sentenced for an aggregate total of "17 to 22 years" and that Carroll would be given credit for "412 days and these [sentences] run consecutive." We interpret this language to correctly indicate that the 412 days' credit for time served would be applied to the aggregate sentence of 17 to 22 years' imprisonment.

However, as noted previously, the district court's written sentencing orders addressed each sentence individually and stated that "[c]redit for time served of Four Hundred Twelve (412) days shall be given against the sentenced imposed." The court did not refer to the aggregate total of Carroll's consecutive sentences, and we read these orders to effectively grant 412 days' credit against both sentences individually.

Neb. Rev. Stat. § 83-1,106(1) (Reissue 2014) provides that "[c]redit against the maximum term and any minimum term shall be given to an offender for time spent in custody as a result of the criminal charge for which a prison sentence is imposed or as a result of the conduct on which such a charge is based." Although under § 83-1,106, an offender shall be given credit for time served as a result of the charges that led to the sentences, presentence credit is applied only once. *State v. Custer*, 292 Neb. 88, 871 N.W.2d 243 (2015). Therefore, when consecutive sentences are imposed for two or more offenses, periods of presentence incarceration may be credited only against the aggregate of all terms imposed. *Id.* It is further plain error where a written judgment is not made to conform to the pronounced judgment, and in such circumstances, appellate courts have modified the written judgment to conform to the pronounced sentence. *State v. Street*, 306 Neb. 380, 945 N.W.2d 450 (2020). A sentence pronounced upon a defendant is controlling over a later erroneous written sentence. *Id.*

Under the foregoing authority, the district court's written orders reflecting 412 days' presentence credit for time served in both case No. CR 20-3775 and case No. CR 20-3798 constituted plain error. The 412 days' credit should have been awarded only once against the sentence for first degree sexual assault in case No. CR 20-3775. See *State v. Williams*, 282 Neb. 182, 802 N.W.2d 421 (2011) (modifying sentencing order to only grant credit for time served to first sentence imposed). We therefore modify the district court's sentencing order in case No. CR 20-3798 to remove the credit for time served in Carroll's sentence for possession of child pornography.

CONCLUSION

For the reasons set forth above, we modify Carroll's sentence in case No. CR 20-3798 (No. A-21-1015) to remove the 412 days' credit for time served since that 412-day credit should be applied only in case No. CR 20-3775 (No. A-21-1014). In all other respects, we affirm the sentences imposed by the district court.

JUDGMENT IN NO. A-21-1014 AFFIRMED.
JUDGMENT IN NO. A-21-1015 AFFIRMED AS MODIFIED.