STATE OF NEBRASKA, APPELLEE, V. MICHAEL IVAN
HUNT, APPELLANT.

333 N.W.2d 405

Filed April 29, 1983. No. 82-640.

William B. Zastera, for appellant.

Paul L. Douglas, Attorney General, and Terry R. Schaaf, for appellee.

KRIVOSHA, C.J., BOSLAUGH, McCOWN, WHITE, HASTINGS, CAPORALE, and SHANAHAN, JJ.

KRIVOSHA, C.J.

The appellant, Michael Ivan Hunt, has appealed from a sentence imposed by the District Court for Otoe County, Nebraska. For reasons more particularly set out, the sentence is affirmed.

On June 21, 1982, Hunt pled guilty to a charge of second degree murder in violation of Neb. Rev. Stat. § 28-304 (Reissue 1979). Murder in the second degree is a Class IB felony punishable by imprisonment of not less than 10 years, or life.

Hunt had originally been charged with first degree murder in violation of Neb. Rev. Stat. § 28-303 (Reissue 1979), which is a Class I or IA felony punishable by either life imprisonment or death. Following a presentence investigation the trial court sentenced Hunt to life imprisonment. He now maintains that the trial court erred in sentencing him to life without making specific findings, consistent with Neb. Rev. Stat. § 29-2260 (Reissue 1979). Hunt also maintains that the sentence was excessive and therefore an abuse of discretion. Both arguments border on the ludicrous and make this appeal wholly frivolous.

The murder was a brutal killing and without any

justification. The victim was stabbed 14 times by Hunt, after which Hunt slit his throat at least 5 times and then smothered him in a pool of mud. The perpetration of the murder was done solely in an attempt to preclude Hunt from being identified as the individual who stole the victim's car. To suggest that a sentence of life in this case was excessive is silly. Hunt is fortunate that he was not convicted of first degree murder. Perhaps but for his age, such would have been the case and he could have been ordered executed. This court has held on numerous occasions that in the absence of an abuse of discretion a sentence imposed by the trial court within the statutory limits will be affirmed on appeal. *State v. Carey*, 199 Neb. 288, 258 N.W.2d 141 (1977). There is no evidence of any abuse of discretion and a claim to the contrary must be summarily disregarded.

Likewise, Hunt's contention that the trial court was obligated to make specific findings before imposing the sentence is without merit. Section 29-2260 is a directive to the trial court as to the factors to be considered by the trial court in imposing the sentence. There is, however, no requirement that the court make specific findings, as suggested by Hunt. The facts of this case clearly indicate that a lesser sentence would have been most inappropriate. Moreover, § 29-2260(2) provides that "Whenever a court considers sentence for an offender convicted of either a misdemeanor or a felony, the court *may* withhold sentence of imprisonment . . . ." (Emphasis supplied.) It is clear that the statute is to serve as a guideline for the court but is not mandatory. In *State v. Machmuller*, 196 Neb. 734, 738, 246 N.W.2d 69, 72 (1976), we said: "[W]hile section 29-2260, R.R.S. 1943, lists grounds to be considered by the sentencing court, it does not control its discretion." If, indeed, § 29-2260 does not control the discretion of the trial court, then the failure of the trial court to make specific findings cannot be error or grounds

for reversal. The sentence of the trial court is affirmed.

AFFIRMED.