Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
05/22/2020 08:09 AM CDT

State of Nebraska, appellee, v.
Jennifer A. McCulley, appellant.

___ N.W.2d ___

Filed February 28, 2020.    No. S-19-313.

1. **Sentences: Appeal and Error.** Sentences within statutory limits will be disturbed by an appellate court only if the sentence complained of was an abuse of judicial discretion.
2. ____: ____. An abuse of discretion takes place when the sentencing court's reasons or rulings are clearly untenable and unfairly deprive a litigant of a substantial right and a just result.
3. ____: ____. Whether a defendant is entitled to credit for time served and in what amount are questions of law, subject to appellate review independent of the lower court.
4. **Sentences: Restitution: Appeal and Error.** The rule that a sentence will not be disturbed on appeal absent an abuse of discretion is applied to the restitution portion of a criminal sentence, and the standard of review for restitution is the same as it is for other parts of the sentence.
5. **Sentences: Records.** The credit for time served to which a defendant is entitled is an absolute and objective number that is established by the record.
6. **Sentences: Restitution.** Restitution ordered by a court pursuant to Neb. Rev. Stat. § 29-2280 (Reissue 2016) is a criminal penalty imposed as a punishment for a crime and is part of the criminal sentence imposed by the sentencing court.
7. **Restitution: Appeal and Error.** On appeal, an appellate court does not endeavor to reform the trial court's order. Rather, the appellate court reviews the record made in the trial court for compliance with the statutory factors that control restitution orders.
8. **Criminal Law: Restitution: Damages.** Pursuant to Neb. Rev. Stat. § 29-2281 (Reissue 2008), before restitution can be properly ordered, the trial court must consider (1) whether restitution should be ordered, (2) the amount of actual damages sustained by the victim of a crime,

and (3) the amount of restitution a criminal defendant is capable of paying.

9. **Sentences: Records.** Neb. Rev. Stat. § 29-2260 (Reissue 2008) does not require the trial court to articulate on the record that it has considered each sentencing factor, and it does not require the court to make specific findings as to the factors and the weight given them.

10. **Sentences: Appeal and Error.** The failure of the trial court to make specific findings concerning the factors set forth in Neb. Rev. Stat. § 29-2260 (Reissue 2008) cannot in itself be error or grounds for reversal.

11. **Sentences.** The appropriateness of a sentence is necessarily a subjective judgment and includes the sentencing judge's observation of the defendant's demeanor and attitude and all the facts and circumstances surrounding the defendant's life.

12. **Sentences: Evidence.** A sentencing court has broad discretion as to the source and type of evidence and information which may be used in determining the kind and extent of the punishment to be imposed, and evidence may be presented as to any matter that the court deems relevant to the sentence.

13. **Rules of Evidence: Presentence Reports.** Statements made by a defendant during a presentence investigation regarding his or her financial condition are the defendant's own statements and would be allowable evidence against him or her under the Nebraska Evidence Rules.

14. **Courts: Plea Bargains.** In Nebraska, a court is never bound by the plea agreement made between a defendant and the government.

Appeal from the District Court for Buffalo County: Ryan C. Carson, Judge. Affirmed.

D. Brandon Brinegar, Deputy Buffalo County Public Defender, for appellant.

Douglas J. Peterson, Attorney General, and Kimberly A. Klein for appellee.

Heavican, C.J., Miller-Lerman, Cassel, Stacy, Funke, Papik, and Freudenberg, JJ.

Freudenberg, J.

## NATURE OF CASE

Jennifer A. McCulley appeals her plea-based convictions and sentences. The plea agreement involved a promise by

McCulley to pay restitution related to several financial crimes in exchange for the State's reducing some of the charges and dismissing other charges against her. After the pleas were entered, but before sentencing, McCulley absconded from Nebraska to Oregon for nearly 8 years. She was eventually arrested, extradited back to Nebraska, and sentenced. McCulley appeals her sentences as excessive, claiming that the court erred in its calculation of credit for time served and in failing to consider her inability to pay the restitution and costs ordered as part of her sentences.

## BACKGROUND

In November 2010, David McConnell engaged an agency in Grand Island, Nebraska, to provide in-home care for his wife. Shortly thereafter, McCulley began employment, through that agency, in the McConnell home. McConnell explicitly instructed McCulley that she was not to handle any money or financial transactions on behalf of McConnell's wife. In December, McConnell's bank contacted him about the possibility that one of his checks had been forged. He looked into the matter and discovered that a number of his checks had been used by McCulley to make unauthorized purchases. A law enforcement investigation located store surveillance videos showing McCulley as the individual passing the forged checks. The investigation further identified multiple instances of McCulley's fraudulent misuse of the McConnells' credit cards.

McCulley was originally charged with seven counts related to the unauthorized use of McConnell's financial accounts and the misuse of the McConnells' credit cards. These charges included three felony counts and four misdemeanors. McCulley and the State reached a plea agreement whereby four counts were dismissed and the felony counts were reduced to misdemeanors in exchange for pleas that included restitution to the businesses defrauded by the transactions, as well as restitution to the McConnells. The plea agreement specified the amount of each victim's damages.

After entering her pleas, McCulley was released on bond until her sentencing hearing. During this period of time, McCulley absconded to Oregon.

In late 2018, McCulley was arrested in Oregon and extradited to Nebraska. She then appeared for a contempt hearing, was found in contempt of court for fleeing the jurisdiction, and was sentenced to 30 days in jail. McCulley indicated to the court that she went to Oregon to take care of her children and was not trying to flee criminal punishment. The court ordered McCulley to cooperate with updating the presentence investigation report (PSI), which was to include an update of the calculation of time served.

A sentencing hearing was held in February 2019. At the hearing, defense counsel was given an option to provide the court with any changes or amendments to the updated PSI and declined to do so. Defense counsel informed the court that McCulley went to Oregon to take care of her children, one of whom requires full-time medical care. Defense counsel recounted the plea agreement and repeatedly mentioned that McCulley had agreed to pay restitution as a part of that agreement. Defense counsel affirmed McCulley's willingness to pay restitution.

Defense counsel asked for credit for time served of 20 days. When the court asked for clarification based on the time served in the contempt charges, however, defense counsel requested 27½ days.

After recounting the plea agreement and McCulley's willingness to pay restitution, defense counsel then raised the court's statutory duty pursuant to Neb. Rev. Stat. § 29-2281 (Reissue 2008) to consider factors related to McCulley's ability to pay restitution. While raising the statutory inquiry, defense counsel reiterated that McCulley is willing to pay restitution. At no point did counsel directly suggest that McCulley would be unable to pay restitution. Defense counsel explained that McCulley had the assistance of family to pay restitution if ordered. The court inquired about how much time McCulley

would need for restitution, and defense counsel indicated that it could be paid by McCulley's mother on her behalf within 90 days of McCulley's release.

The court made several comments on the record in consideration of the sentencing factors. The court also asked McCulley if she had income during the prior 8 years. McCulley responded that she did not work during that time; her only source of income was her son's Social Security payments. However, her PSI recounts that McCulley intended to seek part-time employment when she returns to Oregon.

The court sentenced McCulley to three concurrent 1-year periods of incarceration and ordered the payment of restitution pursuant to the parties' plea agreement. McCulley was further ordered to pay the court costs and extradition expenses incurred by the State. Finally, the court found that McCulley was to receive credit for 27 days served spent in custody during the pendency of this matter.

## ASSIGNMENTS OF ERROR

On appeal, McCulley asserts that the trial court erred in (1) imposing excessive sentences, (2) failing to give her credit for all of her time previously served, and (3) ordering her to pay restitution and costs without ascertaining ability to pay pursuant to § 29-2281.

## STANDARD OF REVIEW

[1] Sentences within statutory limits will be disturbed by an appellate court only if the sentence complained of was an abuse of judicial discretion.[1]

[2] An abuse of discretion takes place when the sentencing court's reasons or rulings are clearly untenable and unfairly deprive a litigant of a substantial right and a just result.[2]

---

[1] *State v. McBride*, 27 Neb. App. 219, 927 N.W.2d 842 (2019) (petition for further review denied June 28, 2019).

[2] *Id.*

[3] Whether a defendant is entitled to credit for time served and in what amount are questions of law, subject to appellate review independent of the lower court.[3]

[4] The rule that a sentence will not be disturbed on appeal absent an abuse of discretion is applied to the restitution portion of a criminal sentence, and the standard of review for restitution is the same as it is for other parts of the sentence.[4]

## ANALYSIS

At oral arguments, McCulley conceded that her assignment of error alleging excessive sentences in relation to the period of incarceration ordered is moot because she has completed serving the sentences.[5] We agree and do not address it further. With regard to her remaining assignments of error, we find that the record supports the credit for time served as calculated at the sentencing hearing and that there is sufficient evidence in the record to support the order for restitution and costs.

### Time Served

[5] We first address McCulley's assignment of error concerning credit for time served. McCulley asserts that the court incorrectly calculated the time served and requests that the credit for additional time served be applied to the court costs. Neb. Rev. Stat. § 83-1,106 (Reissue 2014) creates the requirement for the court to determine and apply credit for time served. The credit for time served to which a defendant is entitled is an absolute and objective number that is established by the record.[6]

When calculating the time served, the sentencing court identified the days accounted for in the evidence and the PSI. The

---

[3] *State v. Phillips*, 302 Neb. 686, 924 N.W.2d 699 (2019).

[4] *State v. McMann*, 4 Neb. App. 243, 541 N.W.2d 418 (1995).

[5] See *Applied Underwriters v. S.E.B. Servs. of New York*, 297 Neb. 246, 898 N.W.2d 366 (2017).

[6] *State v. Leahy*, 301 Neb. 228, 917 N.W.2d 895 (2018).

court referenced the updated PSI and gave defense counsel the opportunity to present any additional evidence related to time served. Defense counsel recounted the arrests on record in the PSI and did not present any evidence of additional time served. Based on our review of the record before us, the calculation for time served was correct.

## Restitution

The remaining assignment of error asserts that the trial court abused its discretion by ordering restitution where the record allegedly did not support McCulley's ability to pay. We find that the record is sufficient to demonstrate that the court conducted the inquiry mandated by Neb. Rev. Stat. § 29-2280 (Reissue 2016), and McCulley has failed to demonstrate that the court otherwise abused its discretion in ordering restitution. While an ability to pay is not a necessary prerequisite under § 29-2280 to an order of restitution, the record supports McCulley's ability to pay. We find no merit to McCulley's contention that the district court improperly balanced McCulley's earning ability, employment status, financial resources, and family or other legal obligations against her obligations to the victims of her crimes, especially when McCulley agreed to pay restitution in the amount ordered as a means of obtaining the benefit of a plea agreement.

[6,7] Restitution ordered by a court pursuant to § 29-2280 is a criminal penalty imposed as a punishment for a crime and is part of the criminal sentence imposed by the sentencing court.[7] On appeal, we do not endeavor to reform the trial court's order. Rather, we review the record made in the trial court for compliance with the statutory factors that control restitution orders.[8] The rule that a sentence will not be disturbed on appeal absent an abuse of discretion is applied to

---

[7] *State v. St. Cyr*, 26 Neb. App. 61, 916 N.W.2d 753 (2018) (petition for further review denied Aug. 21, 2018).

[8] See *State v. Mick*, 19 Neb. App. 521, 808 N.W.2d 663 (2012).

the restitution portion of a criminal sentence just as it is to any other part of the sentence.[9]

[8] Neb. Rev. Stat. § 29-2280 et seq. (Reissue 2008) vests trial courts with the authority to order restitution for actual damages sustained by the victim of a crime for which the defendant is convicted.[10] Section 29-2281 elaborates that before restitution can be properly ordered, the trial court must consider (1) whether restitution should be ordered, (2) the amount of actual damages sustained by the victim of a crime, and (3) the amount of restitution a criminal defendant is capable of paying.[11] Section 29-2281 provides in full:

> To determine the amount of restitution, the court may hold a hearing at the time of sentencing. The amount of restitution shall be based on the actual damages sustained by the victim and shall be supported by evidence which shall become a part of the court record. The court shall consider the defendant's earning ability, employment status, financial resources, and family or other legal obligations and shall balance such considerations against the obligation to the victim. A person may not be granted or denied probation or parole either solely or primarily due to his or her financial resources or ability or inability to pay restitution. The court may order that restitution be made immediately, in specified installments, or within a specified period of time not to exceed five years after the date of judgment or defendant's final release date from imprisonment, whichever is later. Restitution payments shall be made through the clerk of the court ordering restitution. The clerk shall maintain a record of all receipts and disbursements.

Although resitution, like any other part of the sentence, involves discretion, we have also held that sentencing courts

---

[9] *State v. McMann, supra* note 4.

[10] See *State v. Mick, supra* note 8.

[11] See *State v. Wells*, 257 Neb. 332, 598 N.W.2d 30 (1999).

must meaningfully consider the evidence and weigh the statutory factors set forth in § 29-2281 to determine whether restitution is appropriate.[12] This is similar to the court's obligations to weigh the statutuory factors set forth in Neb. Rev. Stat. § 29-2260 (Reissue 2008) in determining whether or not to impose a period of incarceration for an offender convicted of either a misdemeanor or a felony for which mandatory or mandatory minimum imprisonment is not specifically required. We thus look to case law applying § 29-2260 for guidance in our application of § 29-2281.

We have said that § 29-2260 is a directive to the trial court as to certain factors to be considered in imposing the sentence,[13] but also that § 29-2260 does not control the trial court's discretion in its conclusion reached as to the proper sentence to be imposed, after weighing the statutory factors.[14] The specified factors must be "accorded weight," but they are neither exclusive of other factors nor "controlling the discretion of the court."[15] Our review of an alleged abuse of the sentencing judge's discretion in refusing to withhold imprisonment under § 29-2260 must recognize the statutory guidelines set out in § 29-2260 for the direction of the sentencing judge in imposing or withholding imprisonment,[16] but the factors are not mathematically applied.[17]

[9,10] We have held, further, that § 29-2260 does not require the trial court to articulate on the record that it has considered each sentencing factor, and it does not require the court to make specific findings as to the factors and the weight given them.[18] Thus, the absence of specific findings concerning the

---

[12] See *State v. Yost*, 235 Neb. 325, 455 N.W.2d 162 (1990).

[13] See *State v. Hunt*, 214 Neb. 214, 333 N.W.2d 405 (1983).

[14] See *id.*

[15] § 29-2260(3).

[16] *State v. Jallen*, 218 Neb. 882, 359 N.W.2d 816 (1984).

[17] *State v. McBride, supra* note 1.

[18] See *State v. Hunt, supra* note 13.

factors set forth in § 29-2260 cannot in itself be error or grounds for reversal.[19]

[11] We have held that in reviewing a sentence that fails to withhold imprisonment, the appropriateness of the sentence is necessarily a subjective judgment and includes the sentencing judge's observation of the defendant's demeanor and attitude and all the facts and circumstances surrounding the defendant's life.[20] We review a sentence that is within the statutory limits for an abuse of discretion by examining whether it is supported by the evidence.[21]

These same principles apply to an appeal of an order of restitution as part of the sentence. Section 29-2281 mandates that "[t]he court shall consider the defendant's earning ability, employment status, financial resources, and family or other legal obligations," as well as the defendant's "obligation to the victim," balancing one set of circumstances against the other. Though it is always good practice for district courts to provide a record of their reasoning, like § 29-2260, § 29-2281 does not require the sentencing court to specifically articulate that it has considered the listed statutory factors. It also does not require that trial courts make explicit findings as to facts pertaining to the statutory factors or the relative weight given to each factor. The absence of articulated findings is not in itself reversible error.

We disapprove of the Nebraska Court of Appeals' opinions in *State v. Mick*[22] and *State v. St. Cyr*[23] to the extent that they suggest otherwise. We clarify here that absent evidence to the contrary, we presume that the sentencing court has considered the appropriate factors to be weighed before determining

---

[19] See *id.*

[20] *State v. Manjikian*, 303 Neb. 100, 927 N.W.2d 48 (2019).

[21] See, *State v. McBride, supra* note 1; Neb. Rev. Stat. § 29-2308 (Reissue 2008). See, generally, *State v. Manjikian, supra* note 20.

[22] *State v. Mick, supra* note 8.

[23] *State v. St. Cyr, supra* note 7.

whether to order restitution. As always, the burden is on the appellant to show that the sentencing court has abused its discretion.[24]

Like with § 29-2260, the listed factors of § 29-2281 are neither exhaustive nor mathematically applied, and the court's ultimate determination of whether restitution should be imposed is a matter of discretion that is not controlled by § 29-2281. In fact, by its plain language, § 29-2281 does not require that the defendant be able to pay as a prerequisite to an order of restitution—so long as the defendant is not "granted or denied probation or parole either solely or primarily due to his or her financial resources or ability or inability to pay restitution," which could run afoul of due process and equal protection principles.[25] While the factors of the defendant's earning ability, employment status, financial resources, and family or other legal obligations principally implicate the extent to which a defendant is able to pay restitution, notably absent from § 29-2281 is any indication that the court lacks discretion, when balancing those factors against the defendant's obligation to the victim and other considerations, to order restitution as part of a sentence despite an inability to pay. Those factors need only be given meaningful weight. We note that in the federal system, certain crimes require an order of restitution regardless of ability to pay[26] and orders of restitution have been held not to violate due process or equal protection despite an inability to pay, so long as the defendant is not later subjected to increased imprisonment or a period of imprisonment beyond the statutory maximum solely on the basis of indigency.[27]

---

[24] See *State v. McMann, supra* note 4.

[25] See *Bearden v. Georgia*, 461 U.S. 660, 103 S. Ct. 2064, 76 L. Ed. 2d 221 (1983).

[26] See 18 U.S.C. § 3663A (2012).

[27] See *U.S. v. Dubose*, 146 F.3d 1141, 1142 (9th Cir. 1998) (upholding constitutionality of federal "Mandatory Victims Restitution Act" and § 3663A). See, also, Annot., 20 A.L.R. Fed. 2d 239 (2007).

Thus, even if we were to accept McCulley's argument that she was, at the time of sentencing, unable to pay restitution, that would not end our inquiry. McCulley's sentences presented no issue pertaining to McCulley's being granted or denied probation or parole, because the court made it clear on the record that probation would not be ordered because McCulley had absconded. Under such circumstances, § 29-2281 required only that McCulley's "earning ability, employment status, financial resources, and family or other legal obligations" be "consider[ed]" and "balanc[ed]" against her "obligation[s] to the victim[s]." The record clearly demonstrates that the district court held a hearing in which evidence was adduced that enabled the court's consideration under § 29-2281 of the statutory factors relevant to restitution. The court asked several questions of McCulley and her counsel concerning her employment and other financial resources. The court also relied on information contained in the PSI. This was sufficient to satisfy the mandate under § 29-2281 that the court "consider" earning ability, employment status, financial resources, and family or other legal obligations.

[12,13] To the extent that *State v. Wells*[28] stands for the proposition that the evidence pertaining to the statutory considerations must be "sworn," we disapprove of it. A sentencing court has broad discretion as to the source and type of evidence and information which may be used in determining the kind and extent of the punishment to be imposed, and evidence may be presented as to any matter that the court deems relevant to the sentence.[29] Furthermore, statements made by a defendant during a presentence investigation regarding his or her financial condition are the defendant's own statements and would be allowable evidence against him or her under

---

[28] *State v. Wells, supra* note 11, 257 Neb. at 341, 598 N.W.2d at 37.

[29] See *State v. Jenkins*, 303 Neb. 676, 931 N.W.2d 851 (2019).

the Nebraska Evidence Rules.[30] We find that the court complied with § 29-2281.

Once it is established that the court has meaningfully considered the evidence and weighed the statutory factors, an appeal attacking a sentence imposing restitution is simply an allegation that the sentence is excessive. A restitution order is reviewed for compliance with the factors from § 29-2281 rather than § 29-2260, but the procedures for challenging and reviewing the sentence are the same. The rule that a sentence will not be disturbed on appeal absent an abuse of discretion is applied to the restitution portion of a criminal sentence, and the standard of review for restitution is the same as it is for other parts of the sentence.[31]

[14] Because this case involved a plea agreement in which the defendant agreed to restitution, such an agreement is relevant to establishing whether the court abused its discretion.[32] In Nebraska, a court is never bound by the plea agreement made between a defendant and the government.[33] But in only the rarest instances[34] do we fail to affirm a sentence that was contemplated by the parties' plea agreement.[35] The same is true when the sentence involves restitution. A judicial abuse of discretion exists only when the reasons or rulings of a trial judge are clearly untenable, unfairly depriving a litigant of a substantial right and denying a just result in matters submitted for disposition.[36] It cannot usually be said that the trial

---

[30] See, Neb. Rev. Stat. § 27-801(4)(b)(i) (Reissue 2016); *State v. Holecek*, 260 Neb. 976, 621 N.W.2d 100 (2000).

[31] *State v. McMann, supra* note 4.

[32] See, generally, *State v. Elliott*, 21 Neb. App. 962, 845 N.W.2d 612 (2014).

[33] *State v. Landera*, 285 Neb. 243, 826 N.W.2d 570 (2013).

[34] See *State v. Leahy, supra* note 6.

[35] See, *State v. Alegria*, 198 Neb. 750, 255 N.W.2d 419 (1977); *State v. Kirby*, 25 Neb. App. 10, 901 N.W.2d 704 (2017); *State v. Moore*, 4 Neb. App. 564, 547 N.W.2d 159 (1996).

[36] *State v. Ralios*, 301 Neb. 1027, 921 N.W.2d 362 (2019).

judge's ruling requiring restitution as part of the sentence is clearly untenable when the defendant has agreed as part of a plea agreement to the specific amount of restitution ultimately imposed.

In any event, there is no merit to McCulley's argument that the court abused its discretion, because the record demonstrated that she was able to pay the restitution ordered. As the district court observed, although McCulley indicated she was currently unemployed and taking care of a sick child, McCulley's unemployment was voluntary and it was likely that she could find gainful employment and still care for her children. McCulley had gainful employment prior to her flight to Oregon. She also has had the assistance of her mother in supporting and caring for her children. McCulley stated in the PSI that she is intending to seek part-time employment when she returns to Oregon. This is a situation similar to that presented in *State v. Hosack*,[37] where the defendant remained voluntarily unemployed to take care of his disabled parents and help his grandmother and we held that when a court is considering the required factors under § 29-2281, the court can give weight to the fact that a defendant's status as unemployed is voluntary.

Nothing in the record before us demonstrates that McCulley is unable to find work and to provide appropriate care for her children. We also find relevant to McCulley's ability to pay her representations that her mother could provide the funds to satisfy the order of restitution. When the court inquired as to the timeframe McCulley would need to repay the restitution, counsel indicated that it could be paid within 90 days through help from McCulley's mother.

McCulley does not challenge the method and manner of restitution ordered as unreasonable,[38] and indeed we observe that the court structured the repayment based on a timeframe

---

[37] See *State v. Hosack*, 12 Neb. App. 168, 668 N.W.2d 707 (2003).

[38] See, *State v. Wells, supra* note 11; *State v. Hosack, supra* note 37.

requested by McCulley. McCulley concedes that the restitution reflected the correct amount of the victims' damages, which she had agreed to pay as part of the plea agreement. On these facts, we find no abuse of discretion by the court in its sentences that included ordering restitution and costs. We hold that the inquiry by the court into McCulley's ability to pay satisfied the requirements of § 29-2281 and that the evidence in the PSI, McCulley's prior plea agreement to pay restitution, and McCulley's representation of her ability to pay at the sentencing hearing all provide sufficient factual support for the restitution ordered as part of the sentences. Nothing in the record suggests that the order of restitution was clearly untenable, unfairly depriving McCulley of a substantial right and denying a just result.

## CONCLUSION

For the foregoing reasons, we hold that McCulley's assignment of error related to excessive sentences of incarceration is moot. We affirm the district court's calculation of time served and the order of costs and restitution as part of the sentences.

AFFIRMED.