IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**

STATE V. TSOSIE

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

STATE OF NEBRASKA, APPELLEE,

V.

LORENA R. TSOSIE, APPELLANT.

Filed May 14, 2024.    No. A-23-969.

Appeal from the District Court for Sarpy County: STEFANIE A. MARTINEZ, Judge. Affirmed in part, and in part reversed and remanded with directions.

Thomas P. Strigenz, Sarpy County Public Defender, and Cole S. Burmeister for appellant.

Michael T. Hilgers, Attorney General, and Nathan A. Liss for appellee.

PIRTLE, Chief Judge, and RIEDMANN and WELCH, Judges.

PIRTLE, Chief Judge.

INTRODUCTION

Lorena R. Tsosie was drinking and driving, with her children in the vehicle, when she crashed into a parked car. The accident caused serious injuries to two of her children. Pursuant to a plea agreement, she pled no contest to aggravated DUI (.15 or more), DUI with a passenger under 16 years of age, and two counts of DUI causing serious bodily injury. The district court for Sarpy County imposed a $500 fine and sentenced her to a cumulative period of 7 years' imprisonment, 36 months' post-release supervision, and a 1-year license revocation. Tsosie now appeals her sentences arguing the district court abused its discretion in not sentencing her to a period of probation and by imposing excessive sentences. For the reasons that follow, we affirm the district court's sentences.

However, we also determine the district court committed plain error by failing to impose a license revocation period in relation to her convictions for DUI causing serious bodily injury. On

- 1 -

this limited issue, we reverse and remand with directions to impose the required license revocations for each offense.

## BACKGROUND

On April 10, 2023, Tsosie was driving with her three young children when she crashed into a vehicle parked on the shoulder of the road. At the time, her children were 5 years old, 3 years old, and 11 months old. After arriving at the scene, law enforcement smelled marijuana coming from the vehicle and saw empty beer bottles throughout the car. Officers noted that the beer bottles were still cold to the touch.

Officers talked with Tsosie who slurred her speech and smelled of alcohol. Tsosie claimed that the accident was caused by another vehicle cutting her off. At this time, law enforcement noticed that the children had visible injuries and informed Tsosie that they needed immediate medical treatment which made her very upset. She claimed that her children did not need an ambulance and became confrontational. However, due to visible head trauma on one of the children, an ambulance was called to the scene.

Upon further inspection of the vehicle, the officers discovered a soiled car seat that had not been properly restrained. As a result, when the accident occurred the car seat had flipped upside down. Officers also noted the absence of any other age-appropriate car seats or booster seats in the vehicle.

While officers proceeded with the on-scene investigation, Tsosie was uncooperative and attempted to take the 11-month-old away from the paramedics. This resulted in officers restraining her, putting her in handcuffs, and placing her in their cruiser. Throughout this exchange, Tsosie repeatedly called one of the officers a racial slur.

Officers conducted a preliminary breath test on Tsosie which displayed a result of .188. Tsosie was then arrested and taken to the police department. At the police department, she was still agitated and commented, "how is that child neglect if they wanna get out the fucking car seat by themselves. If they decide to get out of their seat, that's not my problem." Tsosie was cited for multiple charges and later released.

After the children were assessed at the hospital, it was discovered that two of them had serious injuries. The 5-year-old had a brain bleed, a large bruise on the left side of his face, a swollen left cheek, scratches on his arms and face, and a burn on his right arm indicative of an airbag deployment. The 11-month-old had a brain bleed, a broken neck, a fractured vertebrae, two broken ribs, and a bruised right lung. And while the 3-year-old did not have any severe injuries, she had bruises all over her body.

Once released from police custody, Tsosie went to the hospital. While the record is not clear as to why, Tsosie assaulted her sister-in-law by pulling her out of a vehicle and punching her in the face. Tsosie was cited for this incident and again released from police custody.

The next day on April 11, 2023, law enforcement received reports from the hospital that Tsosie was attempting to visit her children. Because a warrant had been issued for Tsosie's arrest, officers responded, arrested her, and took her to the Sarpy County Jail.

On April 30, 2023, Tsosie was charged with 14 offenses: Two counts of DUI causing serious bodily injury, two counts of child abuse, one count of negligent child abuse, three counts of DUI with a passenger under 16 years of age, one count of obstructing a peace officer, one count

of aggravated DUI (.15 or more), one count for driving on the shoulder, and three counts of child restraint violation.

On August 3, 2023, pursuant to a plea agreement, Tsosie pled no contest to four of the offenses: aggravated DUI (.15 or more), a Class W misdemeanor, DUI with a passenger under 16 years of age, a Class I misdemeanor, and two counts of DUI causing serious bodily injury, Class IIIA felonies. The district court accepted Tsosie's pleas, convicted her of the crimes, and ordered the completion of a presentence investigation report (PSI).

A sentencing hearing was held on October 30, 2023. Tsosie's attorney addressed the court and asked for a term of probation so that she could receive treatment for alcohol addiction. He explained that Tsosie had a difficult upbringing that was plagued by physical and sexual abuse, which he detailed in a separate sentencing memorandum. He also stated that if she was given probation, she would have a space reserved at a treatment facility. Tsosie then addressed the court and took responsibility for her actions. Additionally, in a letter to the court, she explained that she wanted to be a better person and was taking multiple classes at the jail to help turn her life around. The State then addressed the court and explained that the children's injuries were severe, that Tsosie's initial reaction was to blame the children for not being buckled, and that she initially did not want medical treatment for their injuries. For these reasons, the State requested a 3-year term of incarceration.

Prior to levying its sentence, the court stated:

I've read the mitigation statement, and obviously, the things that she has endured in her childhood are very disturbing and would certainly account for her use of alcohol to deal with those issues.

I have a very difficult time justifying that history on the way that she failed to protect her children. Not only not having car seats or booster seats and hitting a parked car while you're drunk, where your oldest child smashes his head into the passenger's side window, and you refuse to have the paramedics provide him treatment, even though his face is visibly swollen. Your infant, who's the only one in a car seat, which is not properly installed, barely installed, from the reading of the police reports, who you're nursing and refusing to provide access for the paramedics to look at their injuries, has a broken neck. And your other child, also not in a car seat, has visible bruises.

You're combative with law enforcement, calling one of the officers by racial slurs, telling them they don't need treatment. You don't want them to be taken to the hospital. Your combative behavior continues when you get to the hospital, by pulling your sister-in-law or sister out of the car by her hair and punching her in the face. You continue to be combative while your children are being assessed in the hospital for injuries that potentially were life threatening. Not even to mention that all of those kids could have easily died because of your actions, getting behind the wheel when you're that intoxicated and getting into an accident and not having them properly restrained.

Following these statements, the court found that any sentences less than a term of incarceration would seriously depreciate the seriousness of Tsosie's crimes and promote disrespect for the law. The court proceeded to sentence Tsosie to 3 years' imprisonment and 18 months' post-release supervision for each DUI causing serious bodily injury conviction, 1 year's

imprisonment on the DUI with a passenger under 16 years of age conviction, and 60 days' imprisonment, a $500 fine, and a 1-year license revocation for the aggravated DUI (.15 or more) conviction. The first three sentences were ordered to run consecutively with each other, and the fourth sentence (for aggravated DUI) was ordered to run concurrently with the first three. Accordingly, Tsosie was sentenced to a cumulative period of 7 years' imprisonment, 36 months' post-release supervision, a $500 fine, and a 1-year license revocation.

Tsosie now appeals the court's sentences.

## ASSIGNMENT OF ERROR

Restated, Tsosie assigns the district court abused its discretion by imposing excessive sentences.

## STANDARD OF REVIEW

A sentence imposed within the statutory limits will not be disturbed on appeal in the absence of an abuse of discretion by the trial court. *State v. Alkazahy*, 314 Neb. 406, 990 N.W.2d 740 (2023).

Consideration of plain error occurs at the discretion of an appellate court. *State v. Roth*, 311 Neb. 1007, 977 N.W.2d 221 (2022). Plain error may be found on appeal when an error unasserted or uncomplained of at trial, but plainly evident from the record, prejudicially affects a litigant's substantial right and, if uncorrected, would result in damage to the integrity, reputation, and fairness of the judicial process. *Id.*

## ANALYSIS

*Excessive Sentences.*

Tsosie claims that the district court should have placed her on probation or at least imposed a lesser sentence of incarceration. She claims that, by doing neither, the district court abused its discretion. Further, she asserts the court did not adequately consider her history, character, the underlying facts, evidence, and background of the case before imposing her sentences.

When imposing a sentence, a sentencing judge should consider the defendant's (1) age, (2) mentality, (3) education and experience, (4) social and cultural background, (5) past criminal record or record of law-abiding conduct, and (6) motivation for the offense, as well as (7) the nature of the offense, and (8) the amount of violence involved in the commission of the crime. *Id*. However, it is not necessary for a sentencing court to articulate on the record that it has considered each sentencing factor nor to make specific findings as to the facts pertaining to the factors or the weight given to them. *State v. Greer*, 309 Neb. 667, 962 N.W.2d 217 (2021).

Tsosie's convictions for DUI causing serious bodily injury are Class IIIA felonies, which are punishable by up to 3 years' imprisonment and 18 months' post-release supervision, a $10,000, or both. Neb. Rev. Stat. § 28-105 (Cum. Supp. 2022). For each of her two convictions, she was sentenced to the maximum penalty of 3 years' imprisonment and 18 months' post-release supervision. Her conviction for DUI with a passenger under 16 years of age is a Class I misdemeanor, which is punishable by up to 1 year imprisonment, or a $1,000, or both. Neb. Rev. Stat. § 28-106 (Reissue 2016). For this conviction, Tsosie was sentenced to 1 year imprisonment. A conviction for aggravated DUI (with an alcohol concentration of .15 or more) is a Class W

misdemeanor, which is punishable by up to 60 days' imprisonment and a $500 fine. § 28-106. Also, if the person is not placed on probation, Neb. Rev. Stat. § 60-6,197.03(2) (Reissue 2021) mandates that the court revoke the offender's driver's license for a period of 1 year. Tsosie was sentenced to 60 days in jail, a $500 fine, and a 1-year license revocation for this offense. Accordingly, although Tsosie's sentences were the statutory maximums, they were within the appropriate statutory ranges.

When sentences imposed within statutory limits are alleged on appeal to be excessive, the appellate court must determine whether the sentencing court abused its discretion in considering well-established factors and any applicable legal principles. *State v. Roth*, 311 Neb. 1007, 977 N.W.2d 221 (2022). A judicial abuse of discretion exists only when a trial court's decision is based upon reasons that are untenable or unreasonable or if its action is clearly against justice or conscience, reason, and evidence. *Id*.

Tsosie makes two arguments concerning the alleged excessiveness of her sentences. Her first argument asserts that she should have been sentenced to a term of probation and centers around the factors contained within Neb. Rev. Stat. § 29-2260 (Reissue 2016) which outlines when an offender should be granted probation in lieu of imprisonment. Her second argument asserts the district court failed to consider relevant details of her case including her history, character, the underlying facts, evidence, and background of the case.

Whether probation or incarceration is ordered is a choice within the discretion of the trial court, whose judgment denying probation will be upheld in the absence of an abuse of discretion. *State v. Senteney*, 307 Neb. 702, 950 N.W.2d 585 (2020). Section 29-2260(3) sets forth several grounds that while not controlling the discretion of the court, shall be accorded great weight in favor of withholding a sentence of imprisonment: (a) the crime neither caused nor threatened serious harm; (b) the offender did not contemplate that his or her crime would cause or threaten serious harm; (c) the offender acted under strong provocation; (d) substantial grounds were present tending to excuse or justify the crime, though failing to establish a defense; (e) the victim of the crime induced or facilitated commission of the crime; (f) the offender has compensated or will compensate the victim of his or her crime the damage or injury the victim sustained; (g) the offender has no history of prior delinquency or criminal activity and has led a law-abiding life for a substantial period of time before the commission of the crime; (h) the crime was the result of circumstances unlikely to recur; (i) the character and attitudes of the offender indicate that he or she is unlikely to commit another crime; (j) the offender is likely to respond affirmatively to probationary treatment; and (k) imprisonment of the offender would entail excessive hardship to his or her dependents.

The Nebraska Supreme Court has stated that § 29-2260 is a directive to the trial court as to certain factors to be considered in imposing the sentence, but it does not control the trial court's discretion as to the proper sentence to be imposed. See *State v. McCulley*, 305 Neb. 139, 939 N.W.2d 373 (2020). While the specified factors must be "accorded weight," they are neither exclusive of other factors nor "controlling the discretion of the court." *Id*. at 147, 939 N.W.2d at 381. As such, in weighing the factors, the sentencing court is not limited to any mathematically applied set of factors. *State v. Johnson*, 314 Neb. 20, 988 N.W.2d 159 (2023). Instead, the appropriateness of the sentence is necessarily a subjective judgment that includes the sentencing

judge's observations of the defendant's demeanor and attitude and all the facts and circumstances surrounding the defendant's life. *Id.*

Having considered the record in this case, we cannot say the district court's conclusion that Tsosie was unsuited for probation was an abuse of discretion. Likewise, we conclude the district court did not abuse its discretion in fashioning her sentences.

Tsosie possesses a very limited criminal record and did not score as an exceptionally high risk to recidivate. The only prior conviction on her record is for a 2017 traffic infraction for driving without an operator's license. Additionally, she was deemed as a "Medium High" risk of recidivism on her LS/CMI assessment with a "Very High" score in the family/marital category and a "High" score in the companions category. She also scored as a "Low" risk in the criminal history and education/employment categories and a "Very Low" risk in the pro-criminal attitude category. On her substance abuse questionnaire, she scored in the "Maximum" range in the alcohol and antisocial categories with respective scores of 94 percent and 90 percent. Although she scored a zero on the simple screening instrument, indicating an extremely low risk for alcohol and drug abuse, her PSI highlighted that this scoring was based on her self-report of use over the last six months.

While Tsosie has an unfortunate history of abuse, a very limited criminal record, and a modest risk of recidivism, the nature of her offense and subsequent actions are extremely concerning. Tsosie not only chose to drink and drive, but she chose to do so with her young children in the vehicle. More so, she did not take steps to ensure they were properly restrained or in age-appropriate seats. Further, Tsosie's first reaction to the accident was to deflect blame and attempt to withhold medical attention to her obviously injured children. This was followed by her lack of cooperation with the medical treatment and repeatedly calling one of the responding officers a racial slur. Then, after she was released, she proceeded to assault her sister-in-law at the hospital.

Tsosie's actions not only inflicted serious injuries to two of her children but displayed an indifference to those injuries. While Tsosie's history of abuse and addiction is certainly unfortunate, given her actions and inactions, we cannot find that the district court abused its discretion in imposing a $500 fine and sentencing her to a cumulative 7 years' imprisonment, 36 months' post-release supervision, and a 1-year license revocation.

*Plain Error Analysis.*

In the State's brief, it claims that the district court committed plain error by failing to impose a period of license revocation for each of Tsosie's convictions for DUI causing serious bodily injury. The State argues that Neb. Rev. Stat. § 60-6,198(1) (Reissue 2021) mandated the district court impose a license revocation of at least 60 days and not more than 15 years for both of Tsosie's convictions.

A sentence that is contrary to the court's statutory authority is an appropriate matter for plain error review. *State v. Roth*, 311 Neb. 1007, 977 N.W.2d 221 (2022). The power to define criminal conduct and fix its punishment is vested in the legislative branch, whereas the imposition of a sentence within these legislative limits is a judicial function. *Id.* Accordingly, a sentence is illegal when it is not authorized by the judgment of conviction or when it is greater or less than the permissible statutory penalty for the crime. *Id.* An appellate court has the power on direct appeal

to remand a cause for the imposition of a lawful sentence where an erroneous one has been pronounced. *Id*.

Section 60-6,198(1) states that

Any person who, while operating a motor vehicle in violation of section 60-6,196 or 60-6,197, proximately causes serious bodily injury to another person or an unborn child of a pregnant woman shall be guilty of a Class IIIA felony and the court shall, as part of the judgment of conviction, order the person not to drive any motor vehicle for any purpose for a period of at least sixty days and not more than fifteen years from the date ordered by the court and shall order that the operator's license of such person be revoked for the same period.

Accordingly, we agree with the State that the district court was mandated to impose a period of license revocation for each of Tsosie's DUI causing serious bodily injury convictions. Because it failed to do so, we find that the court committed plain error. We, therefore, reverse and remand the cause to the district court to impose the required license revocations for each offense.

CONCLUSION

We conclude the district court did not abuse its discretion in fashioning Tsosie's sentences. Therefore, we affirm the court's sentences. But we also determine that the district court committed plain error by failing to impose the required periods of license revocation under § 60-6,198(1) for Tsosie's convictions for DUI causing serious bodily injury. Accordingly, on the limited issue of imposing these necessary license revocations, we reverse and remand with directions.

AFFIRMED IN PART, AND IN PART REVERSED
AND REMANDED WITH DIRECTIONS.