IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**

STATE V. HALL

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

STATE OF NEBRASKA, APPELLEE,

V.

CASEY M. HALL, APPELLANT.

Filed June 9, 2026.    No. A-25-968.

Appeal from the District Court for Custer County: KARIN L. NOAKES, Judge. Affirmed.

Christopher P. Wickham, of Sennett, Duncan, Jenkins & Wickham, P.C., L.L.O., for appellant.

Michael T. Hilgers, Attorney General, and Jacob M. Waggoner for appellee.

RIEDMANN, Chief Judge, and BISHOP and WELCH, Judges.

WELCH, Judge.

## I. INTRODUCTION

Casey M. Hall appeals his plea-based convictions of two counts of possession of child pornography. On appeal, he assigns as error that the sentences imposed are excessive and that he received ineffective assistance of trial counsel for "fail[ing] to depose material witnesses prior to trial and/or [Hall's] plea" and "fail[ing] to file a motion to obtain a psychological evaluation [of Hall] prior to sentencing for mitigation purposes." For the reasons set forth herein, we affirm.

## II. STATEMENT OF FACTS

After numerous photos of children in sexual situations were located on Hall's cell phone, the State charged Hall with 10 counts of possession of child pornography, Class IIA felonies. Pursuant to a plea agreement, Hall pled no contest to two counts of possession of child pornography, and the State dismissed the remaining counts.

- 1 -

The State provided a factual basis, which set forth that on March 4, 2025, the Nebraska State Patrol (NSP) received a cyber tip regarding child pornography after Hall's phone was seized during an arrest. During the NSP's extraction of Hall's phone, evidence of ownership was located, including 47-year-old Hall's name, phone number, IP address, and an email associated with Hall, as well as several items of child pornography. When the evidence found on Hall's phone was correlated to the database at the National Center for Missing and Exploited Children, which is a tool utilized by law enforcement to identify and compare photographs to known underage victims, law enforcement was able to confirm that the images on Hall's cellphone included depictions of previously identified underage child victims.

During the sentencing hearing, the State emphasized that Hall had not taken responsibility for the possession of the illicit images on his phone; that 545 video images on Hall's phone were identified as child sexual abuse material;  that Hall had uploaded 473 of those images to an encrypted file hosting site; and that the ages of the children portrayed  in those 545 video images ranged from 4 to 13 years old.

In explaining its sentencing decision, the court stated:

In imposing this sentence I've considered your age, mentality, education, experience, social and cultural background, as well as your past criminal record, the motivation for the offense, the nature of the offense, and the amount of violence involved in the commission of this crime. You have been found guilty of two counts of child pornography. These are some of the most serious offenses that we have in our State, for good reason. The details of the pornography that you downloaded and were storing for what purpose, it may have been personal for you to look at or you may have been intending to share it, I don't know but gathering child pornography exploiting victims between the ages of four and 13 years of age for your pleasure is of course very disturbing. You . . . have children, so it's hard to understand why you think that [it] would be appropriate to be gathering that type of information on your electronic devices.

In reviewing the presentence [investigation report (PSR)], it doesn't appear that you have shown remorse, or real remorse for what you have done or concern or empathy for those children that have been victimized. I don't know that you fully appreciate that. Even though you weren't involved in the photographing or the videoing or the actual acts that were occurring within those photos and videos [I don't think that you are appreciative] of the role that you play and people like you play in the victimization of children who are subject to these crimes. They're the victims of people like you who take pleasure from that.

I believe you are a danger to society and that conduct such as this should not be tolerated. I do not believe you are an appropriate candidate for probation as a lesser sentence would depreciate the seriousness of the crime, [and] promote disrespect for the law. I believe that the risk is substantial that during any period of probation you would engage in additional criminal conduct. The crime threatened serious harm and ultimately result[ed] in serious harm to the child victims.

The district court sentenced Hall to 5 to 10 years' imprisonment for each count of possession of child pornography. The sentences were ordered to be served consecutively, and Hall was granted credit for 17 days previously served. The court also informed Hall of his duty to

register pursuant to the Nebraska Sex Offender Registration Act. Hall has timely appealed to this court.

## III. ASSIGNMENTS OF ERROR

On appeal, Hall contends that (1) the sentences imposed are excessive and (2) he received ineffective assistance of trial counsel for (a) "fail[ing] to depose material witnesses prior to [his] trial and/or plea" and (b) "fail[ing] to file a motion to obtain a psychological evaluation [of Hall] prior to sentencing for mitigation purposes."

## IV. STANDARD OF REVIEW

A sentence imposed within the statutory limits will not be disturbed on appeal in the absence of an abuse of discretion by the trial court. *State v. Hagens*, 320 Neb. 65, 26 N.W.3d 174 (2025).

Whether a claim of ineffective assistance of trial counsel may be determined on direct appeal is a question of law. *State v. Rezac*, 318 Neb. 352, 15 N.W.3d 705 (2025). In reviewing claims of ineffective assistance of counsel on direct appeal, an appellate court decides only whether the undisputed facts contained within the record are sufficient to conclusively determine whether counsel did or did not provide effective assistance and whether the defendant was or was not prejudiced by counsel's alleged deficient performance. *Id.*

## V. ANALYSIS

### 1. EXCESSIVE SENTENCES

Hall's first assignment of error is that the sentences imposed are excessive. He contends that the district court "failed to adequately consider [his] criminal history, character, and condition making it unlikely that after a period of incarceration that [Hall] would engage in [additional] criminal conduct." Brief for appellant at 10.

Hall was convicted of two counts of possession of child pornography, both Class IIA felonies. See Neb. Rev. Stat. § 28-813.01 (Cum. Supp. 2024). (Although not affecting this case, we note that, effective Sept. 3, 2025, § 28-813.01 was transferred to Neb. Rev. Stat. § 28-1803 (Supp. 2025)). Hall's sentences of 5 to 10 years' imprisonment for each count are within the statutory sentencing range for Class IIA felonies, which are punishable by a minimum of no imprisonment and a maximum of 20 years' imprisonment. See Neb. Rev. Stat. § 28-105 (Supp. 2025). Additionally, Hall received a substantial benefit from his plea agreement wherein the State agreed to dismiss eight Class IIA felonies.

Where a sentence imposed within the statutory limits is alleged on appeal to be excessive, the appellate court must determine whether a sentencing court abused its discretion in considering and applying the relevant factors, as well as any applicable legal principles in determining the sentence to be imposed. *State v. Jones*, 318 Neb. 840, 19 N.W.3d 499 (2025).

When imposing a sentence, the sentencing court is to consider the defendant's (1) age, (2) mentality, (3) education and experience, (4) social and cultural background, (5) past criminal record or record of law-abiding conduct, and (6) motivation for the offense, as well as (7) the nature of the offense, and (8) the amount of violence involved in the commission of the crime. *Id*. However, the sentencing court is not limited to any mathematically applied set of factors. *Id*. The

appropriateness of a sentence is necessarily a subjective judgment that includes the sentencing judge's observations of the defendant's demeanor and attitude and all the facts and circumstances surrounding the defendant's life. *Id.*

Regarding Hall's claim that the district failed to adequately consider mitigating factors, a sentencing court is not required to articulate on the record that it has considered each sentencing factor nor to make specific findings as to the facts pertaining to the factors or the weight given them. *State v. Greer*, 309 Neb. 667, 962 N.W.2d 217 (2021).

Pursuant to the PSR, Hall is 48 years old, divorced, with three dependents. He obtained a GED and prior to his arrest, he was employed as a maintenance technician. His criminal history includes a juvenile adjudication for theft by unlawful taking in an amount over $1,500, for which he was required to pay restitution and was committed to the Youth Rehabilitation Treatment Center. As an adult, Hall had been convicted of three counts of felony burglary, and single counts of second degree assault, first degree criminal trespass, driving during suspension, misdemeanor burglary, felony theft by receiving stolen property, felony theft by unlawful taking, and issuing a bad check. The level of service/case management inventory assessed Hall as a high risk to reoffend, and the Sex Offender Risk Assessment Evaluation noted that Hall's "emotional responses associated with guilt or empathy appeared limited. He mentioned the images and videos . . . were planted on his phone by someone else and did not accept responsibility [for] his crimes."

Hall reported that he was physically and emotionally abused as a child and that he had previously seen a counselor, had been seen in a psychiatric emergency room, had attempted to commit suicide multiple times, and had "a special learning problem." Hall had been diagnosed with major depressive disorder without psychotic features, amphetamine dependence, intermittent explosive disorder, and alcohol dependence. Hall also self-reported that he had been diagnosed with bipolar disorder, anxiety, and depression. Hall also reported that he consumed alcohol and methamphetamine on a daily basis and that he also had used marijuana, cocaine, and LSD. He also reported to a counselor that he had used inhalants and heroin. The probation officer who conducted the presentence investigation interview noted that Hall tended to perceive himself as the victim, he displayed a lack of remorse, and he was a high risk to reoffend.

Based on factors including that the sentences imposed are within the statutory sentencing range, the substantial benefit that Hall received from his plea agreement, Hall's criminal history, his high risk to reoffend, the nature of the offenses, and his failure to accept responsibility for the offenses, we find that the sentences imposed by the district court were not an abuse of discretion. This assignment of error fails.

### 2. INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL

Hall's next assignment of error is that trial counsel was ineffective for (a) "fail[ing] to depose material witnesses prior to trial and/or [his] plea" and (b) failing to move to obtain a psychological evaluation of Hall prior to sentencing.

When a defendant's trial counsel is different from his or her counsel on direct appeal, the defendant must raise on direct appeal any issue of trial counsel's ineffective performance which is known to the defendant or is apparent from the record; otherwise, the issue will be procedurally barred in a subsequent postconviction proceeding. *State v. Rezac*, 318 Neb. 352, 15 N.W.3d 705 (2025).

(a) Failure to Depose Material Witnesses

Regarding Hall's assigned error that trial counsel was ineffective for "fail[ing] to depose material witnesses prior to trial and/or plea," we find that this claim is not stated with sufficient particularity. As this court recently reiterated in *State v. Hearnes*, 34 Neb. App. 182, 200-01, 33 N.W.3d 766, 784-85 (2026):

> In *State v. Rupp*, 320 Neb. 502, 523, 28 N.W.3d 74, 89 (2025), the Supreme Court clarified that assignments of error on direct appeal regarding ineffective assistance of trial counsel, "standing alone," must specifically allege what conduct constituted deficient performance. A generalized and vague assignment of error that does not advise an appellate court of the issue submitted for decision will not be considered. *State v. Rupp, supra.* An assignment is specific when it addresses a specific issue that does not require additional information to understand precisely what the assignment attacks. *Id.* Any claim of ineffective assistance of counsel alleging deficient conduct must be more specific than generalities of inadequate preparation or failures to introduce beneficial evidence. See *id.*
>
> To preserve an ineffective assistance of counsel claim on direct appeal, the claim must be stated with particularity in the assignment of error and then separately argued. See *State v. Rupp*, 33 Neb. App. 562, 19 N.W.3d 771 (2025). Assignments of error on direct appeal regarding ineffective assistance of trial counsel must specifically allege deficient performance, and an appellate court will not scour the remainder of the brief in search of such specificity. *State v. Hagens*, 320 Neb. 65, 26 N.W.3d 174 (2025). An ineffective assistance of counsel claim is raised on direct appeal when the claim alleges deficient performance with enough particularity for (1) an appellate court to make a determination of whether the claim can be decided upon the trial record and (2) a district court later reviewing a petition for postconviction relief to recognize whether the claim was brought before the appellate court. *State v. Kruger*, 320 Neb. 361, 27 N.W.3d 398 (2025).
>
> In *State v. Hagens*, 320 Neb. at 85, 26 N.W.3d at 192, the Supreme Court found that an assertion concerning "'witnesses'" without any further description or detail in the assignment of error was not sufficiently stated.

The failure of an assignment of error to identify "material witnesses" lacks sufficient specificity. See, *State v. Rupp*, 320 Neb. 502, 28 N.W.3d 74 (2025) (where claim of ineffective assistance on direct appeal involves uncalled witnesses, defendant must give names or descriptions of any uncalled witnesses forming basis of claim of ineffective assistance of trial counsel); *State v. Blake*, 310 Neb. 769, 969 N.W.2d 399 (2022) (when claim of ineffective assistance on direct appeal involves uncalled witness, vague assertions that counsel was deficient for failing to call "witnesses" are little more than placeholders and do not sufficiently preserve claim). Cf. *State v. Kruger*, 320 Neb. 361, 27 N.W.3d 398 (2025) (when claim of ineffective assistance on direct appeal involves uncalled witnesses, it is sufficient that appellate counsel provides on direct appeal names or descriptions of any uncalled witnesses forming basis of claim of ineffective assistance of trial counsel).

Hall's assigned error that trial counsel was ineffective in failing to depose "material witnesses" has not been sufficiently stated. When the claim of ineffective assistance on direct

appeal involves uncalled witnesses, the defendant must give the names or descriptions of any uncalled witnesses forming the basis of a claim of ineffective assistance of trial counsel. *State v. Rupp, supra*. Here, Hall fails to either provide names or descriptions of the individuals that he claims that trial counsel should have deposed. A claim insufficiently stated is no different than a claim not stated at all. *State v. Kruger, supra*. And although Hall does identify two witnesses in his argument that he claims trial counsel should have deposed, "[a]ssignments of error on direct appeal regarding ineffective assistance of trial counsel must specifically allege deficient performance, and an appellate court will not scour the remainder of the brief in search of such specificity." *State v. Hagens*, 320 Neb. 65, 85-86, 26 N.W.3d 174, 192 (2025); Accord *State v. Hearnes*, 34 Neb. App. 182, 33 N.W.3d 766 (2026).

In sum, Hall failed to sufficiently state his claim that his trial counsel was ineffective for failing to depose unnamed "witnesses." Accordingly, we decline to consider this claim.

(b) Failure to File a Motion to
Obtain a Psychological Evaluation

Next, Hall contends that his trial counsel was ineffective in "fail[ing] to file a motion to obtain a psychological evaluation [of Hall] prior to sentencing for mitigation purposes."

In *State v. Swartz*, 318 Neb. 553, 566-67, 17 N.W.3d 174, 185 (2025), the Nebraska Supreme Court reiterated the propositions of law relative to a defendant's claims of ineffective assistance of counsel made in a direct appeal:

Generally, to prevail on a claim of ineffective assistance of counsel under *Strickland v. Washington*[, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d. 674 (1984)], the defendant must show that his or her counsel's performance was deficient and that this deficient performance actually prejudiced the defendant's defense. *State v. Dat*[, 318 Neb.] 311, 15 N.W.3d 410 (2025). To show that counsel's performance was deficient, a defendant must show that counsel's performance did not equal that of a lawyer with ordinary training and skill in criminal law. *Id*. To show prejudice in a claim of ineffective assistance of counsel, the defendant must demonstrate a reasonable probability that but for counsel's deficient performance, the result of the proceeding would have been different. *Id*.

An ineffective assistance of counsel claim is raised on direct appeal when the claim alleges deficient performance with enough particularity for (1) an appellate court to make a determination of whether the claim can be decided upon the trial record and (2) a district court later reviewing a petition for postconviction relief to recognize whether the claim was brought before the appellate court. *Id*.

Once raised, an appellate court will determine whether the record on appeal is sufficient to review the merits of the ineffective performance claims. *Id*. The record is sufficient if it establishes either that trial counsel's performance was not deficient, that the appellant will not be able to establish prejudice as a matter of law, or that trial counsel's actions could not be justified as a part of any plausible trial strategy. *Id.*

Prior to sentencing, the district court indicated it reviewed the PSR which contained information including that Hall had previously seen a counselor, had been seen in a psychiatric

emergency room, had attempted suicide, and had a learning disability. The PSR further contained information that Hall had been diagnosed with major depressive disorder without psychotic features, amphetamine dependence, intermittent explosive disorder, and alcohol dependence. Hall also self-reported that he had been diagnosed with bipolar disorder, anxiety and depression. The PSR also included a sexual offender risk assessment evaluation report that was completed in October 2025. This evaluation noted that Hall's presentation reflected "a significant deficit in empathy and an ongoing tendency to minimize or rationalize the harm associated with his actions . . . [and] he demonstrated limited insight into the potential emotional or psychological impact of his behaviors on others, particularly in relation to the current sexual offense charges." The evaluation further noted that Hall demonstrated "a pervasive pattern of impulsivity across multiple areas of functioning, including decision-making, interpersonal behavior, and responses to stress." Hall further demonstrated "a pattern of poor impulse control and sensation-seeking behaviors," and "a consistent pattern of ineffective problem-solving skills, particularly in situations involving interpersonal conflict, stress, or potential legal consequences."

Similar to the Nebraska Supreme Court's determination in *State v. Casares*, 291 Neb. 150, 864 N.W.2d 667 (2015), there is no reasonable probability that the sentence would have been different if another mental health evaluation had been included in the PSR. And in *State v. Klein*, No. A-17-1292, 2018 WL 5607986 (Neb. App. Oct. 30, 2018), the appellant argued that his trial counsel was ineffective in failing to recommend that the appellant undergo a psycho-sexual evaluation prior to the sentencing hearing. This court rejected this claim, noting:

> [E]ven though the court could have done so, it did not order any type of further psychological examination, either on an outpatient basis or a full evaluation by the Department of Corrections. See Neb. Rev. Stat. §§ 29-2261(5) and 29-2204.03(1) (Reissue 2016). In addressing an ineffective assistance of counsel allegation for failing to request the court to pursue such an examination, this court has held, "[t]rial counsel cannot be deficient for failing to request evaluations that the court itself could have ordered, but in its discretion deemed unnecessary." *State v. St. Cyr*, 26 Neb. App. 61, 74, 916 N.W.2d 753, 763-64 (2018)[, *disapproved on other grounds, State v. McCulley*, 305 Neb. 139, 939 N.W.2d 373 (2020).]

*State v. Klein*, No. A-17-1292, 2018 WL 5607986 at 5.

Accordingly, we find that Hall's trial counsel cannot be deficient for failing to request another psychological evaluation where the PSR provided sufficient information to the court on the subject matter and the court itself could have ordered a psychological exam (other than the sexual offender risk assessment evaluation), but in its discretion, deemed that such order was unnecessary.

## VI. CONCLUSION

Having determined that the sentences imposed were not excessive and that Hall's claims of ineffective assistance of trial counsel were either not sufficiently stated or that Hall's trial counsel was not deficient, we affirm Hall's convictions and sentences.

AFFIRMED.